[Crim. No. 3423.   Second Appellate District, Division Two.—March 21, 1941.]

THE PEOPLE, Respondent, v. JOHN J. ADDINGTON, Appellant.

Ralph L. Loeb for Appellant.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

WOOD, J.—The appellant Addington and his co-defendant, Chefalo, were jointly charged in an information containing two counts with the crimes of robbery and burglary. Appel-

lant was also charged with the prior conviction of a felony, which charge he admitted. Having been found guilty, appellant has appealed from the judgment of conviction and from the order denying his motion for a new trial.

■ Appellant's contention that the evidence is insufficient to justify the conviction is without merit. The Surplus Commodity Food Stamp Store, 123 South McClay Street in San Fernando, was robbed by two armed men at about 4:10 p. m. on May 8, 1940. The robbers entered the store and forced seven employees and two customers into a small office at the rear of the store and then seized approximately $738 in cash and $76 in food stamps. The manager and one of the clerks testified that appellant was one of the two robbers. Appellant now attacks the identification by these two witnesses, pointing out that the manager gave testimony at the preliminary examination showing that he then had some doubt as to the identification of appellant, and also pointing out that the clerk testified that there was a possibility of his being mistaken in his identification of the defendants. ■ In order to sustain a conviction it is not necessary that the identification of the defendant as the perpetrator of the crime be made positively or in a manner free from inconsistencies. It is the function of the jury to pass upon the strength or weakness of the identification and the uncertainties of the witnesses in giving their testimony.

■ Appellant contends that the prosecuting attorney was guilty of misconduct when in his argument to the jury he referred to a witness for appellant, one Tunstall, as a relative of appellant. From the testimony of the appellant himself the jury could draw the inference that Tunstall was in fact his relative for in attempting to establish an alibi he testified that he had been at the home of his brother-in-law at Huntington Beach at approximately the time of the robbery. The witness Tunstall, in aid of the alibi, stated that appellant had been at his home in Huntington Beach. ■ Moreover, although objection was made to the remarks which the prosecuting attorney had directed to the jury, no request was made to have the jury disregard them. There is no merit in appellant's contention.

■ Complaint is made that the court failed to give to the jury certain requested instructions but we find that the instructions actually given fairly and fully informed the

jury on all the essential points of the case. Complaint is particularly made of the failure of the court to properly instruct the jury that if the evidence on the subject of the alibi raised a reasonable doubt in the minds of the jury as to the guilt of appellant they should acquit him. On this point the court gave the following instruction: ''An alibi simply means that the defendant was at another place at the time the crime charged is alleged to have been committed. All the evidence should be carefully considered by you, and, if the evidence on the subject, considered with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant, you should acquit him. It is sufficient to justify an acquittal if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, if you find that a crime was committed.'' It cannot be reasonably argued that the jury was not informed by this instruction that they should acquit the defendant if the alibi evidence gave rise to a reasonable doubt of his guilt.

■ It is the contention of appellant that the trial court erred in denying his motion for a new trial made upon the ground of newly discovered evidence. He presented an affidavit by his wife and several affidavits from residents of Huntington Beach, wherein it is set forth that appellant was at Huntington Beach on the afternoon of the robbery. He also presented the affidavit of one Earl Rainwater in which it is set forth that on the day of the robbery the affiant was employed as a clerk in the Surplus Commodity Stamp Store and that although he was personally acquainted with appellant he could state positively that appellant was not one of the robbers. These affidavits are cumulative of the testimony given at the trial. ■ Moreover, no diligence was shown on the part of appellant in securing the presence of these witnesses at the trial. By exercising reasonable diligence he could have learned of the testimony of the new alibi witnesses and it would have been a simple matter for him to have had a subpoena issued requiring the presence of the employee of the store who was acquainted with him personally to elicit the information that he was not one of the robbers. It is to be noted that in the affidavit of Rainwater it is not set forth that affiant was present at the time of the robbery and had an opportunity to observe the two robbers.

The burden was upon appellant to establish that the proffered evidence could not have been discovered with reasonable diligence in time for presentation at the trial.

It was within the discretion of the trial judge to pass upon the issues presented by the affidavits. (*People* v. *Neal*, 27 Cal. App. (2d) 655 [81 Pac. (2d) 593], and cases there cited.) We find no abuse of discretion on the part of the trial court.

The judgment and the order denying a new trial are affirmed.

Moore, P. J., and McComb, J., concurred.