[Crim. No. 5140.   Second Dist., Div. Two.   Feb. 14, 1955.]

THE PEOPLE, Respondent, v. EDMUND NORMAN LEETE, Appellant.

Wallace E. Wolfe and Percy V. Hammon for Appellant.

Edmund G. Brown, Attorney General, and Theodore S. Tabah, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 288 of the Penal Code, after trial before a jury, defendant appeals.   There is also an appeal from the order denying his motion for a new trial.

*Facts:* ▊ The evidence is viewed in the light most favorable to supporting the findings of the jury and where there is a conflict in the evidence, the evidence in support of such findings is accepted. ▊ Also the credibility of the witnesses and the weight which should be accorded their testimony are matters left solely to the discretion of the trier of fact. (See cases cited in 16 West's Cal.Dig., 1951, Crim. Law, § 741(1), p. 212.)

Defendant was charged in an information in four counts with four violations of section 288 of the Penal Code. Upon motion of the district attorney one count was dismissed for failure of evidence to sustain it, and the jury found defendant not guilty on two counts and guilty on one count.

Defendant contends:

▊ First: *That the evidence is insufficient to sustain the verdict of guilty as to one count of having violated section 288 of the Penal Code.*

This contention is untenable. The prosecuting witness testified she was 11 years old and lived with her mother and brother, and that defendant lived near her home; during the Easter vacation period in company with two other children she went to defendant's residence, which was in a trailer; she went inside of the trailer with him and the two other girls; he greased her skates and told her that a blister which she had upon her heel could result in blood poisoning; the two other girls left the trailer and defendant locked the door; he thereafter took down her pants and told her to lie upon her stomach upon the bed; he then placed his private parts into her private parts; he gave the complaining witness $.75 and told her not to tell anyone what had happened because it would get around the courts; whereupon he unlocked the door and she went home. Clearly this evidence sustains the finding of the trial jury that defendant violated section 288 of the Penal Code.

▊ Second: *That the trial court erred in denying defendant's motion that the different counts in the information be tried separately.*

This contention is devoid of merit. Section 954 of the Penal Code provides:

"The prosecution is not required to elect between the different offenses or counts set forth in the accusatory plead-

---

*The evidence is viewed in the light most favorable to the People (respondent) pursuant to the rule set forth in *People v Pianezzi,* 42 Cal. App.2d 265, 269 [2] [108 P.2d 732], hearing denied by the Supreme Court.

ing, but the defendant may be convicted of any number of offenses charged, and each offense of which the defendant is convicted must be stated in the verdict of the findings of the court; provided, that the court in which a case is triable, in the interest of justice and for good cause shown, may at its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups, and each of said groups tried separately.''

It is to be noted that it is in the discretion of the trial court to order the different counts in an information to be tried separately and in the absence of a showing of an abuse of such discretion the trial court's ruling will not be reversed on appeal.

In the present case there is a total absence of any showing of an abuse of discretion by the trial court. An examination of the record reveals that defendant had a full, fair, complete and impartial hearing on the charges against him.

The judgment and order are, and each is, affirmed.

Moore, P. J., and Fox, J., concurred.