[Crim. No. 897.   Fourth Dist.   May 11, 1956.]

THE PEOPLE, Respondent, v. MAX MAYNARD SPELLINGS, Appellant.

Max Maynard Spellings, in pro. per., and Willis Mevis for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was accused of the crime of armed robbery alleged to have been committed on February 19, 1955. He was represented by counsel appointed by the court, and pleaded not guilty. On a first trial, the jury was unable to reach a verdict. On the second trial a jury found him guilty as charged, fixing the degree as first degree robbery and finding that he was armed with a deadly weapon at the time of the robbery. His motion for a new trial and his application for probation were denied, and he was sentenced to imprisonment at San Quentin. He has appealed from the judgment and from the order denying his motion for a new trial.

At about 7:30 on the evening of February 19, 1955, the proprietor of a liquor store in Fresno was robbed of a sum of money by a man armed with a revolver, who had come in and asked for a carton of beer. When the proprietor brought the beer the man had a gun in his hand and, on his demand, the proprietor took the money from the cash register and gave it to the man, who then left the store. The victim testified that the robber wore a brown leather jacket and that he held a black revolver, which the victim said looked like a .38. From the description furnished them, the police started to look for a man about five feet eight inches tall and who had reddish blond hair.

On February 20, the police officers went to the home of the defendant, having learned that he answered the description of the man they sought. At that time he denied that he owned a revolver and denied that he had a brown leather jacket. They took the defendant to the liquor store, and the proprietor refused to positively identify the defendant as the robber. He stated then and later on the stand that the defendant

looked like the man but that he was not sure. He testified on cross-examination that he did not know whether this was the right man or not, that he was excited at the time of the robbery, and that ''I never see hardly anything no more after I see the gun.''

On February 21, having learned that the defendant had been in the vicinity about the time the crime was committed and other facts which aroused their suspicion, and thinking he might decide to leave town, the officers decided to watch the defendant's home. In the early evening of that day an officer parked near the defendant's home and kept watch. Shortly thereafter he saw the defendant make eight or 10 trips from his house to his panel truck parked at the curb, taking out various articles. A little later the defendant, with his wife and baby, entered the truck and drove away. The officer followed and radioed for help. When another police car arrived the defendant was stopped near the north edge of Fresno, as he was traveling north. The defendant and the car were searched, $21 in bills was found on his person, and a brown leather jacket with a .22 caliber revolver fully loaded with six cartridges were found in a holster in the car. There was evidence that this revolver was built on the same frame as a .38, but with a smaller bore. A later search of the panel truck revealed a $5.00 bill and two $1.00 bills ''shoved down'' in a rip in the upholstering of the driver's seat.

The defendant was taken to the police station in a patrol car and his wife and baby were taken there in a plain police car. The defendant was questioned by the officers, outside of the presence of his wife. He at first denied knowing anything about this robbery, but later told one of the officers that he had robbed this liquor store, that he had gone in with a .22 pistol, and that he had taken about $50 or $60. The officers sent for a deputy district attorney and a court reporter, who arrived about an hour later. The defendant then made a complete confession before all three, which was taken down by a shorthand reporter. This statement takes up 11 pages of the transcript and the defendant therein told all about the manner in which the robbery was committed, including a number of things of which he could have had no knowledge if he had not been present. In this statement he said he had committed the robbery because he was broke, had not been able to find a job, and had a wife and child to feed. On the stand the defendant admitted ownership of the brown leather

jacket and revolver which were admitted in evidence, denied the commission of the crime, and contended that he had made this confession because of his fear that his wife would be held on the charge if he did not admit the crime.

The appellant contends that the evidence is not sufficient to support the verdict. It is argued that his identification by the victim was uncertain and not sufficient; that he was convicted through the use of evidence which was obtained by illegal search and seizure in that the revolver, the leather jacket and the currency were obtained by an unlawful search before the arrest; that the arrest was without reasonable cause; and that the court committed prejudicial error in admitting testimony as to appellant's confessions into evidence. In this latter connection it is argued that while there is a conflict in the evidence as to whether or not the statements made by the appellant to the officer, and later before the court reporter, were freely and voluntarily made it appears without contradiction that the appellant's wife and child had been taken to the police station, and that the appellant knew that they were there in an adjoining room.

Whether or not the identification of the appellant as the robber was sufficient was a question of fact for the jury. (*People* v. *Hightower*, 40 Cal.App.2d 102 [104 P.2d 378]; *People* v. *Addington*, 43 Cal.App.2d 591 [111 P.2d 356]; *People* v. *Shaheen*, 120 Cal.App.2d 629 [261 P.2d 752].)

While the victim was unwilling to positively identify the appellant as the robber he repeatedly said that he looked like the same man. The appellant answered the description originally given to the officers and published in a newspaper on the morning of February 20, and there were other facts and circumstances, including the appellant's admission. The appellant at first denied that he owned a revolver or had a brown leather jacket and later admitted ownership of these articles which were found in his possession. There was some evidence of flight as he was found near the north edge of Fresno while traveling north, although he said he was on his way to Bakersfield to look for work. There was also evidence that on the night of February 21, after the appellant was taken to jail following his questioning by the officers he told an inmate of the jail that he had robbed a liquor store, going in with a .22 pistol and taking about $50 or $60. The evidence, including the conduct of the appellant, was sufficient to sustain the verdict.

There is no merit to the contention that appellant's

conviction resulted from the use of evidence obtained by an illegal search and seizure. The testimony as to the circumstances under which this search and seizure was made was all admitted without objection, and the money, the jacket and the revolver found were likewise admitted into evidence without objection. The officers knew that this crime had been committed and the information they had up to that time, including the conduct of the appellant, was sufficient to give them reasonable grounds to believe that the appellant was guilty, and that he was leaving town before any further investigation could be made. Whether or not it should be held that reasonable grounds existed for the search and seizure, the conviction of the appellant did not depend upon the admission of such evidence or upon any matters in connection therewith. There was ample evidence to support the verdict aside from anything in that connection.

There was a conflict in the evidence with respect to whether or not the confessions made by the appellant were freely and voluntarily made. That matter was fully gone into before the testimony as to those statements or confessions was received in evidence. There was ample evidence that these statements were freely and voluntarily made and that nothing was said about the appellant's wife being charged with this or any other crime, or about the statements being made by the appellant because of his fear that she would be so charged. The appellant testified that he made the confessions for that reason and that he made the statements because the officer told him that "if I didn't make some kind of a statement he was going to hold my wife and baby," and that the statements he made to the officer and later to the court reporter were not true statements. Nothing more than a conflict appears in this connection, the statements were properly admitted into evidence, and the evidence on both sides, with respect thereto, was before the jury. The conflict thus appearing was one to be resolved by the trial judge and the jury, and not by this court. (*People* v. *Wade,* 138 Cal.App.2d 531 [292 P.2d 303].)

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.