[Crim. No. 2719.   Third Dist.   Feb. 14, 1957.]

THE PEOPLE, Respondent, v. EDDIE RENIER, Appellant.

Robert W. Cole, Public Defender (Sacramento), and Floyd V. Gibbert, Assistant Public Defender, for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and Lloyd Hinkelman, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—By an information numbered 21517, filed on April 11, 1956, appellant was charged with the robbery of Thomas Gonzales, occurring on March 22, 1956. In a second information, numbered 21518, also filed on April 11, 1956, appellant was charged in Count 1 with a violation of section 503 of the Vehicle Code (theft and unlawful driving or taking of a vehicle), occurring on March 22, 1956, and in Count 2 with the offense of burglary, occurring on March 22, 1956.

On April 17, 1956, after arraignment on the first information and a plea of not guilty, the matter was set for trial on May 8, 1956. Also on April 17, arraignment on the second information was had. After further hearings on a motion to dismiss under section 995 of the Penal Code, and on April 30, the court denied the motion to dismiss as to Count 1 on the violation of section 503 of the Vehicle Code and granted the motion as to Count 2. Upon a plea of not guilty as to Count 1, the matter was set for trial on May 8, 1956.

Over appellant's objection and after a hearing on this point, the court ordered the consolidation of both informations for trial. The trial proceeded on May 8th and 9th, and appellant's motion for mistrial based upon improper consolidation of informations was denied. The jury rendered its verdict of guilty as to both informations. Appellant's motions for probation and for a new trial were denied and judgment was pronounced. Appellant appeals from the judgment and from the order denying his motion for new trial.

According to the evidence a Mr. Gonzales was robbed by four youths on the corner of 8th and U Streets in Sacramento at about 9:45 p. m. on March 22, 1956. One of the youths held Mr. Gonzales' arms and placed a sharp object against his side while another youth confronted Mr. Gonzales with a .410 gauge shotgun pistol. Mr. Gonzales described the individual who held his arms as wearing gloves, levis and a red jacket, and identified appellant as that individual. The youths took Mr. Gonzales' wallet which contained 15 cents.

The appellant and the three youths, Butcher, Helton and Gilbert, had gone to Ryde, California, during the day of March 22, 1956, and while visiting the Houston household Butcher stole Mrs. Houston's .410 gauge shotgun pistol and shells.

Some time between the robbery and midnight of March 22, 1956, Helton removed a 1956 Mercury automobile be-

longing to Lieutenant White, which was parked in the locked, enclosed area behind Lundstrom's Paint Shop at 13th and U Streets, which is five blocks from the scene of the Gonzales robbery. Appellant admits driving the stolen vehicle to the Stockton city limits.

On the return trip from Stockton and while in the Sacramento city limits, the youths were approached by a police car. Appellant tried to make a run for it in the stolen vehicle but failed to make a turn at Q and 21st Streets and struck a post and wrecked the stolen vehicle.

Gilbert managed to escape from the scene of the accident, but appellant and the other two youths were apprehended and taken to the police station where they were booked and searched. Mr. Gonzales' wallet was found in appellant's front trouser pocket. A knife was also found in appellant's pocket. Mr. Gonzales identified appellant in a lineup and in court, but was unable to identify the other youths. Mrs. Houston's .410 gauge shotgun pistol, which was found in the stolen vehicle, was also identified by Mr. Gonzales as the gun used on him during the holdup on March 22d.

The appellant spent most of the day and evening with Gilbert, Helton and Butcher. There were four persons who robbed Mr. Gonzales and there were four persons in the stolen vehicle.

Appellant does not question the sufficiency of the evidence to support judgment of conviction.

The principal, and in fact the only major contention of appellant, is that the trial court erred in joining and consolidating for trial the charge of robbery as contained in Information 21517 with the charge of violation of section 503 of the Vehicle Code as contained in Information 21518 to the substantial prejudice of the appellant.

Section 954 of the Penal Code provides, in part, as follows:

''An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated.''

The language of section 954 has been construed by the courts to permit joinder where there are two or more different offenses connected together in their commission (*Rodriguez* v. *Superior Court*, 27 Cal.2d 500 [165 P.2d 1]) or

where the different offenses grew out of the same transaction (*People* v. *Ames,* 61 Cal.App.2d 522 [143 P.2d 92]). The courts have also held joinder permissible where the offenses charged against the defendant are of the same class. (*People* v. *McMahon,* 116 Cal.App.2d 883 [254 P.2d 902].) The court, in the case of *People* v. *Scott,* 24 Cal.2d 774 [151 P.2d 517], held that joinder of offenses was permissible if there is a common element of substantial importance in their commission.

Appellant points out that when the matter was presented before the court on objection to consolidation, the prosecution moved for consolidation on the grounds that the offenses were connected together in their commission and made certain oral statements in support of his argument for consolidation. Appellant argues that the cases hold that where multiple charges are made, whether in separate counts in one information or by multiple informations, that to consolidate for trial the pleader must allege that the offenses are connected in their commission, and, upon trial, prove that allegation, or the counts or information must show clearly that section 954 of the Penal Code is complied with; that the trial court, on demurrer or motion for consolidation, is bound by what appears on the face of the pleadings; that statements of the prosecution as to what it intends to prove at trial will not support consolidation over objection of the defendant; that the consolidation for trial cannot be upheld by the evidence produced at trial; that further, the evidence produced at the trial does not show the charges to be connected in their commission.

Respondent in reply states that the motion for consolidation was based on the fact that the gun used in the robbery was the same as that found in the stolen vehicle, the presence of the gun in both crimes being sufficient to constitute a common element of substantial importance in both offenses, and that the trial judge indicated he felt the element of flight was present and granted the prosecution's motion for consolidation on this premise. Respondent argues that consolidation was justified under the theory of connected offenses, offenses arising out of the same transaction, and the theory of a common element of substantial importance. Respondent does not contend that the offenses charged in the two informations are "two or more different offenses of the same class of crimes or offenses."

We are unable to agree with respondent that the con-

solidation of the two informations for trial was proper in the instant case. For as we read the record there is no connection between the offense of robbery and the offense of driving an automobile of another without permission, nor can they be said to arise out of the same transaction. Nor is the fact that the same gun that was used in the robbery was found in the stolen vehicle a common element of sufficient substantial importance in both offenses, for there is no evidence that any gun was used in the charged violation of section 503 of the Vehicle Code.

We are therefore of the opinion that the court erred in ordering the consolidation but we do not believe that the error justifies a reversal of the judgment and order. For as stated in *People* v. *Aguinaldo,* 3 Cal.App.2d 254, at page 260 [39 P.2d 505]:

"We have reached the conclusion that while the order consolidating the two cases for trial was erroneous, it was an error of procedure only and subject to the provisions of section 4½ of article VI of the Constitution. Having reached this conclusion it remains for us to determine whether or not it resulted in a miscarriage of justice."

See also *People* v. *Shepherd,* 14 Cal.App.2d 513 [58 P.2d 970]; *People* v. *Davis,* 42 Cal.App.2d 70 [108 P.2d 85]; *People* v. *Winston,* 46 Cal.2d 151 [293 P.2d 40]; *People* v. *Leete,* 130 Cal.App.2d 725 [279 P.2d 769]; *In re Pearson,* 30 Cal.2d 871 [186 P.2d 401].

A careful examination of the entire records convinces us that the evidence against appellant on both charges was so overwhelming that the consolidation of the charges for trial could not have resulted in substantial prejudice to him. Therefore, we are of the opinion that the error complained of has not resulted in a miscarriage of justice.

The judgment and order are affirmed.

Van Dyke, P. J., and Peek, J., concurred.