[Crim. No. 6390. Second Dist., Div. Two. Feb. 24, 1959.]

THE PEOPLE, Respondent, v. ROBERT EARL DALY, Appellant.

Robert Earl Daly, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Arthur C. de Goede, Deputy Attorney General, for Respondent.

HERNDON, J.—A jury convicted appellant of first degree robbery, and found that he was armed with a deadly weapon at the time the offense was committed. He seeks a reversal on three grounds: (1) that the district attorney was guilty of prejudicial misconduct in asking certain improper, leading and suggestive questions; (2) that the evidence is insufficient to support the verdict; and (3) that appellant was not sentenced within the time prescribed by law.

The essential substance of the evidence will be summarized. Douglas Wolfe, a service station attendant, testified that on the night of August 11, 1957, at about 11 o'clock, a warning signal directed his attention to the men's restroom. As he entered that room a man's voice informed him that "this was a hold-up" and ordered him to put up his hands. Wolfe obeyed and turned around to observe a man wearing dark glasses, with a handkerchief covering his nose, pointing a revolver at him. The robber took from Wolfe his station keys, one of which fitted the cash box, and ordered him to stay in the restroom five minutes. Wolfe overheard conversation between the robber and another person who apparently was a confederate. After the departure of the criminals, Wolfe found that the cash box had been opened and the money taken therefrom. The telephone cord was broken. Investigating police later found fingerprints on the telephone receiver.

Some five months later Wolfe selected out of a line-up of five men two who appeared to have the same general physical characteristics as the robber. After hearing the two men talk, Wolfe designated appellant as the one whose voice resembled the voice of the robber. A detective, whose qualifications were not questioned, testified positively that the fingerprint found on the telephone receiver were those of appellant.

Appellant sought to prove an alibi by his own testimony and that of his mother to the effect that he and his fianceé had spent the night in question in the home of his parents. The direct examination of the witness Wolfe included the following: ''Q. Had you known the defendant before the date

of August 11th, sir? A. No, sir, I hadn't. Q. Had you ever seen him to your knowledge since that time other than the time you picked him out in the show-up? A. No, I hadn't.''

■ Appellant contends that the intended effect of the last quoted question propounded by the deputy district attorney was to leave the jury with the impression that the witness had positively identified appellant as the robber. In view of the fact that the witness had just previously testified to the circumstances under which he had picked out the defendant from the line-up and to the observations which formed the basis of his identification, we fail to see how the question complained of could be regarded as prejudicial. Able counsel representing appellant at the trial offered no objection to it.

■ Appellant further complains that the district attorney improperly attempted to prejudice him in the eyes of the jury by asking him, on cross-examination, whether or not he had talked with one Sonny Clark within a few days prior to the robbery about ''pulling some burglaries.'' After appellant had answered this question in the negative, appellant's counsel interposed an objection, whereupon the court ordered the answer stricken, sustained the objection and instructed the jury that no inferences should be drawn from the question. There is nothing in the record to indicate that the question was propounded in bad faith, and in the context of the entire record it cannot be regarded as prejudicial.

Appellant complains of a number of other questions propounded by the deputy district attorney which he characterizes as leading and suggestive. All of these questions related to matters of detail without any direct bearing upon defendant's guilt or innocence. The failure of appellant's counsel to object to any of these questions indicates that he properly considered the questions in that light.

Appellant's contention as to the sufficiency of the evidence relates solely to the matter of his identification as the robber. ■ However, as we stated in *People* v. *Yates,* 165 Cal.App.2d 489, 494 [332 P.2d 314]: ''The identification of the defendant need not be positive. ■ The sufficiency of the evidence of identification is generally a question for the trier of the facts. (*People* v. *White,* 44 Cal.App.2d 183, 185 [112 P.2d 60]; *People* v. *Shaheen,* 120 Cal.App.2d 629, 637 [261 P.2d 752]; *People* v. *Addington,* 43 Cal.App.2d 591, 593 [111 P.2d 356]; *People* v. *Richardson,* 81 Cal.App.2d 866, 870 [185 P.2d 47].) ■ Testimony that a defendant 'resembles' the robber (*People* v. *Richardson, supra*) or 'looks like' the

same man (*People* v. *Spellings*, 141 Cal.App.2d 457, 460 [296 P.2d 889]) has been held sufficient.'' And as the Supreme Court recently stated in *People* v. *Riser*, 47 Cal.2d 566, 589 [305 P.2d 1] : ''Fingerprint evidence is the strongest evidence of identity, and is ordinarily sufficient alone to identify the defendant.'' (See *People* v. *Adamson*, 27 Cal.2d 478, 495 [165 P.2d 3].)

Finally, we must reject appellant's contention that he was not sentenced within the time prescribed by law. Although section 1191 of the Penal Code requires the trial court to appoint a time for pronouncing judgment ''. . . which must be within 21 days after the verdict,'' it also provides that the court ''. . . may further extend the time until the probation officer's report is received and until any proceedings for granting or denying probation have been disposed of.'' The verdict of the jury in this case was returned on May 8, 1958. Pursuant to appellant's request for leave to file a written application for probation, the trial court referred the matter to the probation department for investigation and report. The hearing on probation and sentence was set for May 29, 1958. After two continuances, the application was heard on June 12, 1958, at which time appellant moved for a new trial upon all statutory grounds. The motion for a new trial and the application for probation were denied, and appellant was sentenced to state prison. It thus appears that appellant was sentenced 35 days after the return of the verdict, and immediately upon disposition of the application for probation. The record is silent as to the reasons for the continuances of the probation hearing. Since appellant was sentenced immediately upon disposition of his application for probation, it is clear that the court acted within the time prescribed by law. Decisions cited by appellant such as *Rankin* v. *Superior Court*, 157 Cal. 189 [106 P. 718], are not controlling for the reason that they were decided before the 1951 amendment to section 1191, which expressly conferred upon the trial court the power to extend the time for sentencing until after disposition of probation proceedings.

Furthermore, appellant is precluded from asserting this contention for two additional reasons: first, appellant expressly and voluntarily waived time for sentencing at the time he sought leave to apply for probation. It is settled that a defendant may waive his right to be sentenced within the time prescribed by law. (*People* v. *Von Moltke*, 118 Cal. App. 568, 571-572 [5 P.2d 917] ; *People* v. *Tenedor*, 107 Cal.

App.2d 581, 585-586 [237 P.2d 679].) Secondly, since the record is silent as to the reasons for the continuances and shows no objection by appellant "[o]n such a record we must presume that no objection was raised and that any postponement was with the sanction of the appellant." (*Cf. People* v. *Baker*, 164 Cal.App.2d 99, 102-103 [330 P.2d 240]; *People* v. *Lamb*, 133 Cal.App.2d 179, 186 [283 P.2d 727].)

Accordingly, the judgment and the order denying the motion for a new trial are affirmed.

Fox, P. J., and Ashburn, J., concurred.