[Crim. No. 3962. First Dist., Div. Two. June 18, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JOE BARTFELD, Defendant and Appellant.

Vernon W. Humber for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Albert W. Harris, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—Appellant, Joe Bartfeld, and his codefendant, Dave Bernstein, were jointly charged by indictment with receiving stolen property, to wit, sheets, pillowcases and television sets, in violation of section 496 of the Penal Code. The court denied their motions for separate trials and both entered pleas of not guilty. After a jury trial on December 19, 1960, the jury informed the court that they could not agree on a verdict. Thereupon, the court discharged the jury and transferred the cause to another department for retrial. The second jury, in January 1961, found the appellant and Bernstein guilty as charged. Appellant's sentence was suspended and he was placed on probation for three years, provided he serve six months in the county jail and make restitution. Appellant's motion for a new trial was denied on February 17 and this appeal ensued.[1]

On this appeal from the judgment of conviction and the order denying his motion for a new trial, appellant contends that: (1) the evidence is insufficient to sustain the verdict because there was no evidence to indicate that the appellant knew that the television set he bought from Bernstein was stolen; (2) the indictment should have been dismissed as to him with regard to the charge relating to the television sets; (3) the court erred in denying his motion for severance;

---

[1]Bernstein also filed a timely notice of appeal but failed to file an opening brief on appeal; subsequently, his appeal was dismissed after notice given under rule 17(a) of the Rules on Appeal (see order of March 7, 1962).

(4) the indictment was defective because there was a misjoinder of defendants; and (5) the trial court erred in instructing the jury on aiding and abetting. There is no merit in any of these contentions.

 Before the verdict of a jury which was approved by the trial court can be set aside on appeal on grounds of insufficiency of the evidence, it must appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below. The reviewing court must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence and then determine whether such facts are sufficient to support the verdict (*People* v. *Ellhamer*, 199 Cal.App.2d 777 [18 Cal.Rptr. 905]).

Viewed in this manner, the record reveals the following facts: One Clifford Thomas testified that on December 20, 1959, he broke into the premises of the Carl Wald Company, a wholesale firm in the business of supplying carpets, furniture, linens and miscellaneous items to hotels and motels in San Francisco. Thomas stole seven 1959 Emerson portable table model television sets and approximately 40 cardboard cartons of sheets and pillowcases. Each carton of sheets weighed 125 pounds and contained five dozen; each carton of pillowcases weighed about 100 pounds and contained 25 dozen. The next day, Thomas contacted Bernstein, an acquaintance of his, and informed him that he had a quantity of sheets and television sets to sell, indicating that the television sets were "so hot that I had to move them in a refrigerator truck" and that he did not want to sell them because of the serial numbers. Bernstein, who owned a sheet metal shop, indicated he would help, and told Thomas he would put him in touch with a friend of his, the appellant. The appellant was a dealer in surplus merchandise, had known Bernstein for 10-15 years, and had undertaken many transactions with him. Bernstein called the appellant and over the telephone introduced Thomas as "Cliff," his friend, a machinist, who had some sheets to sell. Thereafter, Bernstein bought three television sets for $30 each and two dozen sheets at $10 per dozen and two dozen pillowcases at $2 per dozen. Subsequently, the appellant phoned Thomas and discussed price, and asked to see some samples of the sheets. Thomas took some samples to the appellant's home. Appellant paid him $10 for the dozen sample sheets and subsequently agreed to a price of $2,250 for the 40 cases of linens. At this time, the trade price was $27.82 a dozen for the sheets

and $5.67 a dozen for the pillowcases, or approximately $6,000 for the 40 cases of linens. Appellant made several trips to a garage on Anza Street where Thomas had stored the goods. The appellant asked Thomas to remove the identifying labels from the cartons. The first time appellant paid Thomas in cash, and then offered Thomas a check. When Thomas told the appellant he would not take a check, the appellant asked for a receipt. Thomas replied that the appellant must be crazy and that he could not give him a receipt.

Thomas thereafter told Bernstein that the appellant wanted a receipt. Bernstein phoned the appellant about the receipt. Subsequently, Bernstein wrote a receipt which was predated 12/18/59, and stated, A/C 250, $2000, paid, and signed ''Tim Courtland''; Thomas gave this receipt to the appellant. When the appellant inquired about the name, Thomas replied that he was known as ''Cliff.'' The appellant wrote the license number of ''Cliff's'' car and ''Cliff's'' telephone number on the receipt. Appellant subsequently sold the sheets to a customer. Later, the appellant bought one of the television sets from Bernstein for $85. Appellant admitted purchasing the stolen items but denied knowing that they were stolen.

█ To constitute the offense of receiving stolen property, there must be proof that (1) the property found in the possession of the accused was acquired by means of theft or extortion; (2) the accused received, concealed or withheld such property from its owners; and (3) the accused knew that the property was stolen (Pen. Code, § 496; *People* v. *Candiotto*, 183 Cal.App.2d 348 [6 Cal.Rptr. 876]). There is absolutely no merit in appellant's contention that the evidence is insufficient to support the implied finding of the jury that the linens and television set he purchased were stolen. The first two elements of the offense are established by uncontroverted evidence. █ As to the appellant's knowledge that such items were stolen, there was testimony from which the jury could draw the inference that appellant knew of the stolen character of the property (*People* v. *Roberts*, 182 Cal.App.2d 431 [6 Cal.Rptr. 161]). He knew that ''Cliff'' was a mechanic who would not take a check and could not supply him with a receipt. The appellant, an experienced businessman, bought the linens and the television set for less than half the wholesale price of the goods. This was ample evidence from which the jury could conclude that the appellant knew that the deal on the sheets was not the usual kind of commercial deal. Appellant's knowledge can be inferred from the various cir-

706

cumstances surrounding the sale (*People* v. *Boinus,* 153 Cal. App.2d 618 [314 P.2d 787]). ■ As to the television set, appellant was aware that Bernstein had steered him onto some stolen sheets when Bernstein subsequently offered him the television set at a cost below the wholesale value. This also justified an inference that the appellant knew the television set was stolen.

■ Appellant next contends that the indictment should have been dismissed because there was a misjoinder of defendants, and that the trial court erred in denying his motion for a separate trial (Pen. Code, § 954; *People* v. *Walker,* 112 Cal. App.2d 462 [246 P.2d 1009]). Section 1098 of the Penal Code provides that when two or more defendants are jointly charged with any public offense, they must be tried jointly unless the court orders separate trials. As the consolidation did not result in any prejudice to some substantial right of the appellant, there is no basis for this contention (*People* v. *Thomas,* 45 Cal.App.2d 128 [113 P.2d 706]; *People* v. *Renier,* 148 Cal. App.2d 516 [306 P.2d 917]). ■ Furthermore, the record reveals that the trial court properly instructed the jury it should decide the guilt or innocence of each defendant separately and individually of the other, and it must be presumed that the jury followed this instruction (*People* v. *Grimes,* 113 Cal.App.2d 365-367 [248 P.2d 130]).

■ Appellant's final contention is that the trial court erred in giving the aiding and abetting instruction. There was ample evidence to justify the giving of this instruction and it was not necessary for the indictment to charge aiding and abetting. Both defendants were charged with receiving stolen goods which could include aiding and abetting. ■ Appellant also contends that the instruction should have been limited to Bernstein. However, he made no such request below, and in its absence, there is no error (*People* v. *Klor,* 32 Cal.2d 658 [197 P.2d 705]).

Order denying motion for a new trial and judgment of conviction are affirmed.

Shoemaker, J., and Agee, J., concurred.