FOX, P. J.
 

 Appellant and one Jarrett were found guilty by a jury of robbery in the first degree. (Pen. Code, § 211.) Wiest has appealed from the judgment.
 

 At approximately 10:10 p. m. on April 2, 1961, Gerald Sehulhof, an employee of Thrifty Drug Company at Rodeo Road and LaBrea Avenue in the City of Los Angeles, had just gathered the receipts from the cash registers in his department and had taken them to the office on the mezzanine when two men taking long strides entered the office. One of them exhibited a gun which the employee thought was a .38 calibre revolver and stated, ‘ ‘ This is a stick up. If you make a move, I’ll shoot you.” The man holding the weapon kneeled down and scooped up the money, placing it in a couple of bags. He was identified by Sehulhof as the appellant. On cross-examination, Sehulhof stated that he was not positive about his identification of appellant as one of the robbers. On redirect, he stated that Wiest looked “very much” like the man that had the gun in the office on the occasion of the robbery.
 

 Roger Given was employed at the Thrifty Drug store on the
 
 *45
 
 evening in question. He had occasion to approach the office shortly after 10 p. m. He observed two men in the office with Schulhof whom he did not recognize as employees of the store. They departed a few seconds later. In making their exit it was necessary for them to “come toward” Given and within approximately 2 feet of him as they passed by him. Given looked at them as they approached and passed. He gave chase. When the defendants were approximately halfway out of the store, appellant, who was behind, suddenly stopped, turned around and pointed his gun at Given who was then some 25 feet away, and stated: “That’s far enough, or I’ll shoot.” Given was “absolutely sure” of his identification of Wiest.
 

 John Fagan was employed at the fountain which is right beside the northwest exit. He was standing about 4 feet from the exit when the robbers made their escape. He observed them as they ran out. He testified the defendants “resembled” the robbers.
 

 Appellant denied participating in the robbery and sought to establish an alibi to the effect that he spent that evening and night at his sister’s place in Manhattan Beach. Jarrett exonerated appellant from any connection with the robbery. He named Joseph Bean as the person who had participated in the robbery with him.
 

 In seeking reversal, appellant’s principal contention is that the evidence of his identification as one of the robbers is insufficient to support the verdict in that the People’s witnesses were not positive in their identification.
 

 In order to sustain a conviction the identification of the defendant need not be positive.
 
 (People
 
 v.
 
 Yates,
 
 165 Cal.App.2d 489, 494 [332 P.2d 314];
 
 People
 
 v.
 
 Shaheen,
 
 120 Cal.App.2d 629, 637 [261 P.2d 752]
 
 ; People
 
 v.
 
 Jackson,
 
 183 Cal.App.2d 562, 568 [6 Cal.Rptr. 884].) Testimony that a defendant “resembles” the robber
 
 (People
 
 v.
 
 Richardson,
 
 81 Cal.App.2d 866, 870 [185 P.2d 47]) or “looks like the same man”
 
 (People
 
 v.
 
 Spellings,
 
 141 Cal.App.2d 457, 460 [296 P.2d 889]) has been held sufficient. The testimony of one witness is sufficient to support a verdict if such testimony is not inherently incredible.
 
 (People
 
 v.
 
 Newman,
 
 102 Cal.App.2d 302, 305-306 [227 P.2d 470].) The sufficiency of the evidence of identification is generally a question for the trier of the facts.
 
 (People
 
 v.
 
 Yates, supra.)
 
 The qualification of identity and lack of positiveness in the testimony of any of the witnesses were matters going to the weight of the evidence and the credibility of the witnesses and were for the
 
 *46
 
 observation and consideration of the jury in the first instance and later the trial court upon the motion for new trial.
 
 (People
 
 v.
 
 Farrington,
 
 213 Cal. 459, 463 [2 P.2d 814].)
 

 Applying these principles to the evidence on the question of identification of appellant, it is clear that the evidence is sufficient to sustain the jury’s implied finding that appellant was one of the robbers. The testimony of Given positively identified him. This identification was fortified by Schulhof's statement that appellant looked “very much” like the man who held the gun and by Pagan’s testimony that appellant “resembled” one of the two men he saw leave the scene of the robbery.
 

 Appellant further contends that the evidence is insufficient to support the verdict in that his alibi testimony and that of his sister were not directly contradicted. However, the jury was not required to give credence to this testimony. In evaluating this testimony the jury was entitled to take into account the appellant’s interest as well as the interest of his sister in the outcome of the case.
 
 (Huth
 
 v.
 
 Katz,
 
 30 Cal.2d 605, 608-609 [184 P.2d 521];
 
 People
 
 v.
 
 Rumph,
 
 164 Cal.App.2d 262, 268 [330 P.2d 694].) Implicit in the jury’s verdict is the fact that the jurors disbelieved this testimony. Their implied finding on this issue is controlling on appeal.
 

 There is no merit in appellant’s contention that the court erred in instructing the jury that they might consider appellant’s reply to an accusatory statement as evidence if they found that such reply was in fact evasive. The circumstance which provided the basis for this instruction was that Officer Henry told appellant “that [he] wanted to talk to him about a drug store robbery on Rodeo Road and [appellant] said ‘I will see you in court.’ ” Appellant’s statement is substantially equivalent to the reply “No comment” which the defendant made in
 
 People
 
 v.
 
 Romano,
 
 197 Cal.App.2d 622 [17 Cal.Rptr. 399]. At page 683 the court stated: “The tag phrase ‘no comment’ is usually resorted to by statesmen and politicians when hard-pressed by inquiring reporters; it means, ‘I do not affirm, I do not deny, I have nothing to say at this time.’ These answers were certainly equivocal and evasive and were admissible.” It would therefore seem that appellant’s answer to Officer Henry was likewise equivocal and evasive and that it provided sufficient basis for giving the challenged instruction.
 

 Appellant contends the evidence is insufficient to support the verdict of first degree robbery in that (a) no weapon
 
 *47
 
 was produced at the trial; and (b) the evidence indicated that the gun was unloaded. In
 
 People
 
 v.
 
 Miller,
 
 190 Cal.App.2d 361 [11 Cal.Rptr. 920], this court pointed out (p. 364) : “There is no requirement that the weapon be produced. Both robbery victims testified that both appellant and his accomplice were armed with guns which they used to accomplish the robbery. This evidence was sufficient to support the finding of first degree robbery. [Citations.]” Here both of the principal witnesses for the People testified to the presence of a gun and threats upon two occasions to use it. Even though the gun may not have been loaded, it was obviously a “dangerous weapon.” It will be recalled that Sehulhof identified the gun as a .38 calibre pistol. In
 
 People
 
 v.
 
 Ash,
 
 88 Cal.App.2d 819 [199 P.2d 711], the court stated (p. 830) that “When a gun is used to effect a robbery it is immaterial whether it is loaded or unloaded. [Citations.] ”
 

 Finally appellant contends that the court erred in failing to instruct the jury as to (1) second degree robbery, and (2) impeachment. We have examined the original file and find that the court fully and correctly instructed the jury on both of these questions.
 

 The judgment is affirmed.
 

 Ashburn, J., and Herndon, J., concurred.