[Crim. No. 1081.   Third Appellate District.—June 5, 1929.]

THE PEOPLE, Respondent, v. HARRY SAMPSON, Appellant.

J. W. Kingren and Burt Busch for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information charges the defendant with the crime of robbery and with having been previously convicted of the crime of grand larceny. On his arraignment he "entered a plea of guilty as to a prior conviction and not guilty as to the new charge in the information." The jury found him guilty of robbery in the first degree. His motion for a new trial was denied and he was sentenced to imprisonment in the state prison for life. This appeal is from the judgment and the order denying a new trial. The proof is overwhelmingly that the defendant committed the alleged robbery and it is not contended that it is insufficient.

■ The information charges that the property therein described was in the possession of the prosecuting witness and was taken from his person and immediate presence, againt his will and by means of force and fear, by the defendant. It is not alleged who was the owner of the property, although it was clearly proved at the trial that it belonged to the prosecuting witness. Section 956 of the Penal Code [as amended, 1927 Stats., p. 1042, sec. 1] provides:

"When an offense involves the commission of, or an attempt to commit a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, or of the place where the offense was committed, or of the property involved in its commission is not material."

In *People* v. *Price*, 143 Cal. 351, 353 [77 Pac. 73], after quoting section 956, it is said: "This is a rule of criminal pleading, and applies to burglary as well as larceny and other cases. Under it the name of the owner of the property entered is immaterial, except where necessary to identify the property." Other cases are to the same legal effect. (*People* v. *Foster*, 198 Cal. 112, 119 [243 Pac. 667]; *People* v. *Melson*, 84 Cal. App. 10, 21 [257 Pac. 555]; *People* v. *Smith*, 78 Cal. App. 68, 70 [248 Pac. 261].) There is no doubt in this case, either from the averments of the information or from the evidence as to the identity of the property taken.

■ Appellant contends that the evidence fails to show that he was armed with a dangerous or deadly weapon, at the time the robbery was committed, as required by section 211a of the Penal Code to constitute robbery in the first degree. The prosecuting witness testified that while he was riding in an automobile driven by the defendant, and while the witness was "looking out to the side of the machine," the defendant hit him "on the left side of the head." He testified: "I couldn't see what he hit me with. . . . I was riding along and looking out at the trees and he hit me over the head and that's the last I remember until I was on the road to Willits. . . . I seen a motion on the side and before I could look around something hit me in the head." The witness was found lying in the road shortly after the robbery and was taken in another automobile to Willits.

He was unconscious when first found and did not get "his right mind back" until he had been taken twenty miles along the road to Willits. A deputy sheriff testified that, apparently two days or more after the robbery, he saw a bump or bruise on the side of the head of the prosecuting witness. "It was like a ridge, where it had been struck and a swelling" about two inches long. The blow on the head did not break the skin or cause bleeding. The prosecuting witness testified that he did not know with what he was struck and he admitted on cross-examination that it might have been with the defendant's fist. Having been rendered immediately unconscious by the blow, and not having seen in advance the instrument with which he was struck, the witness could not know what weapon was used. The character of weapon used by the defendant may be shown, of course, by circumstantial evidence, and proof that the victim was rendered unconscious by the blow and remained in that condition for a considerable time, together with the nature of the injury inflicted, warrants the inference, in the absence of other evidence, that a dangerous weapon was used.

■ While the defendant "entered a plea of guilty as to a prior conviction" of grand larceny, he now contends that the evidence does not show that he "served a term therefor in any penal institution," and that, therefore, his sentence to imprisonment for life is not authorized by the provisions of section 667 of the Penal Code. During his examination in chief, the defendant was questioned by his own counsel as follows: "Q. You had a little trouble before, have you, Mr. Sampson? A. I have, yes. Q. And you have been in prison on that account? A. I have. Q. How old were you at that time? A. Not quite twenty years old when I was sentenced." On cross-examination he testified: "Q. Mr. Sampson, you testified under direct examination this morning that you were in prison at one time? A. I did, yes. Q. How many times have you been in prison? A. Once. Q. Just once? A. Yes. Q. What was the charge? A. Grand theft. Q. At that time known as grand larceny? A. Yes. Q. You were, then, convicted of a felony? A. I plead guilty to it. Q. Grand theft, at that time grand larceny, and that's the only time you have been in prison on any charge? A. Yes."

This evidence, coming from the defendant himself after his plea of guilty of the prior conviction of grand larceny, is sufficient to warrant the inference that he had "served a term therefor" in a "penal institution." He entered a plea of guilty at the time of his arraignment on the prior charge, he was "sentenced" on that charge and he was "in prison on that account." While the district attorney might well have made the matter certain by asking the defendant in what penal institution he was imprisoned, it is beyond belief that counsel for defendant, having voluntarily opened the inquiry, would not have asked him in what institution he was imprisoned if it was not a penal institution.

The judgment and the order are affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1929.