[Crim. No. 4851.   Second Dist., Div. Two.   May 29, 1953.]

THE PEOPLE, Respondent, v. FRANK LOPEZ, Appellant.

Frank Lopez, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Ellis Peter Miller, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted of first degree robbery. He appeals from the judgment and the order denying his motion for a new trial.

On January 4, 1952, at approximately 11 p.m., Carl Morgan, a mill operator, was standing on the sidewalk in the vicinity of Sunset Boulevard and Silverlake, in Los Angeles. An unknown man approached him from the rear, grabbed him around the neck, and struck him in the jaw with "some hard object," with very serious results. The criminal then beat and kicked his victim and took his jacket and $52 from his billfold. There were street lights in the vicinity. The injured man viewed his assailant's face from a distance of not more than 5 feet and noticed he was wearing khaki trousers, a maroon sport coat, and a blue sport shirt. While Morgan was not rendered wholly unconscious he did not fully regain consciousness for about seven minutes, when he was picked up by a police squad car. About an hour later, from the description supplied by the victim, the officers apprehended defendant, talking to the manager of a motel on Sunset Boulevard, which was about 800 yards from the scene of the assault and robbery. Underneath his maroon sport coat the officers found the jacket that had been taken from Morgan, who identified it by a 1-inch tear in the left pocket and by the laundry mark. Defendant first said he got the jacket from the state but later claimed he had purchased it from an unidentified person for a couple of dollars after he had left a certain café that night with his girl friend. The defendant was identified by Morgan as his assailant. When defendant was removed from the police car and brought under the street light for purposes of identification, the officers noticed that he made a throwing motion and discovered on the floor of the car $49 crumpled up and directly in front of the place where defendant had been seated. Defendant initially denied any knowledge of this money. He first claimed he only had $5.00 on his person; later, however, he changed his story and stated he had about $60. He thought the money on the floor of the police car fell out of his billfold.

Defendant contends that (1) the evidence is insufficient to sustain his conviction, and (2) he was framed by the police.

■ The identification of defendant by the victim and his possession of the victim's jacket, which the owner also identified, furnish substantial evidence in support of the jury's implied finding that it was the defendant who attacked and robbed Mr. Morgan.

■ The evidence is also sufficient to sustain the jury's implied finding that defendant was armed with a dangerous or deadly weapon when he committed the offense, hence was guilty of robbery in the first degree. (Pen. Code, § 211a.) Morgan was attacked from behind, consequently he could not see the instrument with which he was hit. However, the character of the weapon used by a defendant may be shown by circumstantial evidence. The testimony of the victim, that he was hit by "some hard object," rendered semiconscious, and remained in that condition for a period of some seven minutes, justifies an inference that a dangerous weapon was used. (*People v. Sampson*, 99 Cal.App. 306 [278 P. 492].)

■ Defendant's contention that he was framed by the police and that the police officers lied in court raises factual questions which were finally determined by the jury and trial court. It was their responsibility to weigh the evidence and pass upon the credibility of the witnesses. An appellate court is bound by such determination. (*People v. Newland*, 15 Cal. 2d 678, 681 [104 P.2d 778].)

■ Defendant also complains that the victim was out of the state at the time of the trial, and that the testimony he gave at the preliminary hearing was therefore read to the jury. It appears that this case had been previously continued. It was then stipulated by the defendant, through his attorney, that such former testimony could be read at the trial. The procedure followed was entirely proper.

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.