[Crim. No. 5837.   Second Dist., Div. One.   Oct. 7, 1957.]

THE PEOPLE, Respondent, v. PAUL SAKELARIS, Appellant.

Ray M. Davidow for Appellant.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

DRAPEAU, J. pro tem.*—Defendant in this case was found guilty by a jury of one count of bookmaking, and of a second count of keeping a place with bookmaking paraphernalia. (Pen. Code, § 337a.)  He was found not guilty of two other counts; recording a bet, and making a wager.  He was sentenced to one year in the county jail.

He urges four grounds of appeal from the judgment:

1.  Insufficiency of the evidence to sustain the verdicts of guilty.

2. Refusal to give instructions requested by him.

3.  Comments by the trial judge that he claims prejudiced him with the jury.

4.  That exhibits admitted in evidence were unlawfully obtained by search and seizure.

The facts may be briefly stated as follows:

A deputy sheriff was given a telephone number, with information that bookmaking was going on in the premises

*Assigned by Chairman of Judicial Council.

where the telephone was located. So he called the number.

A male voice answered. The deputy said, "This is Al. I want to place a bet." The voice replied, "O.K." The deputy said, "I want two and two on Desire in the 7th at Del Mar." The voice answered, "All right."

Desire was the name of a horse running in the seventh race at Del Mar racetrack on the next day.

The officer, with four others, went to the address given them by the telephone company for that number. They got there in about five minutes.

They found a court with four apartments in a straight line. Two of them had telephones. The officers broke into apartment A, but nobody was there. Then they broke into apartment C, and found defendant holding a telephone instrument in his hand.

The exhibits were on a table near him. Among them were a National Daily Reporter scratch sheet, a racing parlay manual, betting markers, owe sheets, note books, and a telephone instrument that had written on a card fastened to it the number called by the deputy. These articles are generally used by bookmakers.

Defendant stood mute when asked if he had been "bookmaking here," whether or not he knew he had been bookmaking, if the paraphernalia was his, and other similar questions.

While the officers were in the apartment the telephone bell rang. An officer answered the call, and an unknown voice placed a bet with him on a horse race for the next day.

The owner testified that he had rented the apartment to defendant and another man, and that defendant had given him the name of John Skoufas. Defendant did not live in the apartment.

The officer who made the telephone call testified that defendant's voice sounded the same over the telephone as when he talked with him in person.

Turning now to defendant's several grounds of asserted error:

1. This court finds no difficulty in determining from the record that there was substantial evidence to sustain the verdicts.

The corpus delicti of the crime charged is established by proof that the accused occupied a room with bookmaking paraphernalia for the purpose of recording or registering

bets upon horse races. (*People* v. *Kelley*, 22 Cal.2d 169 [137 P.2d 1].)

Defendant contends that the jury's verdicts of acquittal of the last two counts of the information, charging him with recording a bet, and with accepting a wager, affect the verdict of guilty on the first two counts.

This contention is completely answered by the Penal Code.
▪ A verdict of acquittal on one or more counts shall not be deemed or held to be an acquittal on any other count. (Pen. Code, § 954; *People* v. *Amick*, 20 Cal.2d 247 [125 P.2d 25].)

▪ 2. No error appears in giving or refusing any of the instructions. As a whole they fairly and fully covered the law applicable to the facts in this case. And that is all this court is required to ascertain. (*People* v. *Long*, 15 Cal.2d 590 [103 P.2d 969].) ▪ The law in the instructions refused was given in substance in the instructions given, and the refusal cannot be held to be prejudicial error. (*People* v. *Marvin*, 48 Cal.App.2d 180, 196 [119 P.2d 413].)

3. Referring now to the remarks of the trial judge complained of by defendant.

Defendant was asked whether he was using his true name when he rented the apartment. He replied, "I use my name— I use my name more—I always use my name, except for when I don't." The trial judge said, "Kind of double talk to me. The witness says, 'I always use my name except for when I don't.'"

Again, defendant was asked, "On that date, and before the police came, did you know that these papers were bookmaking markers, owe sheets, and racing parlays, things of that nature?" And he answered, "I had no interest in them." The judge said, "Just a moment, please. Let's not parry the questions, Mr. Sakelaris."

▪ Reviewing courts unhesitatingly condemn evident and obnoxious conduct of a trial judge which indicates a purpose to influence a jury in its duty to find the truth when facts in a lawsuit are disputed. That, under our constitutional form of government, is, and always has been, the sole and exclusive province of a jury.

On the other hand, reviewing courts just as unhesitatingly support trial judges whose comment and conduct indicate a purpose to fairly elicit the truth, to hold opposing counsel within due bounds, and to keep the evidence going in, without evasion or subterfuge by witnesses or by counsel.

248

■ For it is the settled policy of the people of California to empower, and to expect, a judge to fairly conduct a trial. And he may reasonably comment upon the evidence. (Cal. Const., art. VI, § 19; *People* v. *Ottey,* 5 Cal.2d 714 [56 P.2d 193].)

The law does not trammel a judge in that duty. Nor does it limit his powers to those of a passive umpire, and thus turn over to counsel his important part in the conduct of a trial.

It is fortunate that in the growth of our law the trend of legislation and of judicial decision is not in the latter direction. For one of the pillars of strength in our legal system is an impartial judge, who presides with dignity and fairness, and who will not allow his court to become a battle ground of wits of counsel, or of evasions of witnesses, to defeat its fundamental purpose—to ascertain and declare the truth.

Tried by this rule, the judge's remarks in this case were proper, in view of the evasive answers of the witness. ■ Also no objection to them was made on the trial, and therefore no objection to them can now be made on appeal (*People* v. *Kobey,* 105 Cal.App.2d 548, 560 [234 P.2d 251].)

4. Finally we come to the contention that it was error to admit in evidence the bookmaking paraphernalia because it was taken in an unlawful seizure.

■ The sheriff's deputies had reasonable and probable cause to believe that bookmaking, a felony, was going on in the raided premises. (*People* v. *Jaurequi,* 142 Cal.App.2d 555 [298 P.2d 896].) When police officers have information that a place is occupied by a person suspected of bookmaking, a felony, telephone the occupant of that place, and place a bet with him, they have probable cause to break down the door, enter, and arrest the suspect. (*People* v. *Hudak,* 149 Cal.App.2d 88 [307 P.2d 942].) It was not prejudicial error to admit in evidence the paraphernalia found in defendant's apartment.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied October 24, 1957 and appellant's petition for a hearing by the Supreme Court was denied December 4, 1957. Carter, J., Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.