[Crim. No. 3411.   First Dist., Div. Two.   Jan. 27, 1958.]

THE PEOPLE, Respondent, v. CLARKE COPELAND, Appellant.

*Assigned by Chairman of Judicial Council.

186

Gregory S. Stout for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DRAPER, J.—A jury found defendant guilty of assault with a deadly weapon (Pen. Code, § 245). The trial court entertained a doubt as to defendant's sanity and suspended proceedings pending trial of the sanity issue (Pen. Code, §§ 1368, 1369). A second jury found defendant sane, and judgment committing him to prison was thereafter pronounced (Pen. Code, § 1370). Defendant appeals.

■ The prosecution's evidence showed that the weapon used was a "policeman's club," about a foot long. Appellant argues that the evidence is insufficient to support the verdict, in that a club of this sort is not an inherently deadly weapon, and did not become so in fact when used by the 65-year-old appellant upon complainant, a delivery man 27 years old. The testimony shows that the left rear side of complainant's head was struck with sufficient force to cause a cut which required two sutures. Whether the club was a deadly weapon was at most a mixed question of law and fact, to be determined by the jury upon proper instructions (*People* v. *McCoy,* 25 Cal.2d 177, 189 [153 P.2d 315]; *People* v. *Valliere,* 123 Cal. 576 [56 P. 433]; *People* v. *Petters,* 29 Cal. App.2d 48 [84 P.2d 54]; *People* v. *Raleigh,* 128 Cal.App. 105 [16 P.2d 752]). Appellant does not question the instructions upon this point, and, under the cases just cited, the evidence is ample to support the jury's verdict.

■ Appellant complains of the testimony of the witness Michel, a pharmacist employed by the same drugstore for which complainant worked. Michel testified that appellant telephoned the store four times in less than two hours after the alleged assault, and made statements about the events of the evening in conflict with each other and with statements made to others. It developed that Michel had made notes of the conversations on the evening they occurred, and had given these notes to the deputy district attorney, who had lost them. The deputy stated that he had made copies of Michel's notes, and showed them to Michel to refresh his recollection. Appellant objected to this procedure only upon the ground that there was no showing that the witness' recollection required refreshing, and not on the ground that they were memoranda made by one not the witness, the objection urged here. Thus it could well be argued that the objection, even if otherwise sound, was waived. In any event, we are satisfied that the incident was not prejudicial to appellant. The essence of Michel's testimony had been given before the use of the memoranda, his testimony dealt with a collateral matter not

inherently harmful to appellant's case, and the variety and inconsistency of appellant's statements were fully shown by other witnesses and in the cross-examination of appellant himself.

■ Appellant complains that he was cross-examined extensively as to his education and prior employment, and as to honors awarded him. But he had testified upon these subjects on direct examination. ■ In view of his general denial of the offense charged, the permissible scope of cross-examination was very broad (*People* v. *Zerillo,* 36 Cal.2d 222, 228 [223 P.2d 223]). ■ The cross-examination as to his education and background was, in the circumstances of this trial, entirely proper (*People* v. *Watson,* 46 Cal.2d 818, 832 [299 P.2d 243]).

■ Appellant charges the prosecutor with "injecting racism" into the case. We have reviewed the record in detail, and find no basis for this claim of misconduct. The prosecutor's only references to race were substantially quotations of appellant, and were necessary to identify particular testimony. There is no suggestion of appeal to race prejudice or of any attempt to attribute such prejudice to appellant.

■ Appellant requested no instruction upon self-defense. Now, however, he asserts that the court's failure to give such instruction upon its own motion constitutes error. Appellant cites no applicable authority for this view. The record contains no evidence even remotely suggesting self-defense. On the contrary, appellant at all times denied striking complainant. There was no reason for any instruction upon defense of self or of habitation.

Complaint is made of the instructions in other respects. However, the instructions as a whole were full and fair, and we find no error in them.

The judgment is affirmed.

Kaufman, P. J., and Dooling, J., concurred.