[Crim. No. 3463. First Dist., Div. Two. May 6, 1958.]

THE PEOPLE, Respondent, v. LEROY HOOD, Appellant.

*Assigned by Chairman of Judicial Council.

Edward T. Mancuso, Public Defender (San Francisco), for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Jack Urch, Deputy District Attorney, for Respondent.

DRAPER, J.—Defendant waived jury trial, and was found guilty of robbery by the court, which also found that the robbery was of the first degree. Defendant appeals, asserting error only in the fixing of the degree. He contends that the evidence is insufficient to show that he was armed with a "dangerous or deadly weapon" (Pen. Code, § 211a).

Defendant entered a liquor store. Holding his right hand in his pocket to simulate a gun, he ordered the operator to open the till. Defendant removed his "gun" hand from his pocket to scoop up the money. The operator, freed of the fear of being shot, grappled with defendant. The operator's father arrived, carrying a pistol, and defendant fled, carrying some stolen money. Enroute, he seized two bottles of whiskey and threw them at the father. Although neither struck its target, one went through the glass of a window. As defendant left the store, a policeman took up the chase, subdued and arrested him.

One who arms himself with a weapon taken from his victim nonetheless was armed when he "perpetrated" the robbery, within the meaning of Penal Code, section 211a. (*People* v. *Wallace*, 36 Cal.App.2d 1 [97 P.2d 256].)

Whether an object not inherently a weapon is a "dangerous or deadly weapon" is to be determined by the trier of the facts (*People* v. *Copeland*, 157 Cal.App.2d 185 [320 P.2d 531]), and the rule applies in determination of degree of robbery (*People* v. *Lopez*, 118 Cal.App.2d 235 [257 P.2d 670]). A kit of tools (*People* v. *Crowl*, 28 Cal.App.2d 299, 305 [82 P.2d 507]); an unloaded gun (*People* v. *Raleigh*, 128 Cal.App. 105 [16 P.2d 752]); or a toy gun (*People* v. *Ward*, 84 Cal.App.2d 357 [190 P.2d 972]; *People* v. *Coleman*, 53 Cal.App.2d 18, 29 [127 P.2d 309]) may be a "dangerous" weapon within the meaning of the statute because capable of being used as a bludgeon or club. A bottle of whiskey, similarly used, clearly may be equally dangerous. The trial court has determined the fact question, and it certainly can-

not be said, as a matter of law, that the determination was erroneous.

In view of this conclusion, it is unnecessary to consider the effect of defendant's use of a pocket knife in resisting the arresting officer who had pursued him in his flight from the liquor store.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.