[Crim. No. 1402. Fourth Dist. Mar. 5, 1959.]

THE PEOPLE, Respondent, v. PAUL SMITH LINER, JR., et al., Defendants; JACK WAYNE WATTERSON, Appellant.

Marvin J. Mizeur, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant Jack Wayne Watterson and his codefendants Paul Liner and Herman McClain were charged with the crime of robbery (Pen. Code, § 211) in that on or about December 28, 1957, they did wilfully, and by means of force and fear and against the will of one George L. Katz, take a wrist watch and $6.00 in cash from his person, possession and immediate presence.

A jury trial was had resulting in a verdict finding appellant guilty of the crime of robbery and fixing the degree as robbery in the first degree. Paul Liner was found guilty of robbery in the first degree and Herman McClain was found not guilty. A motion for new trial was denied and appellant was sentenced to imprisonment in the state prison. He appeals from the judgment.

George L. Katz was not present at the trial and his testimony taken at the preliminary hearing was introduced in

evidence and read to the jury. It appears therefrom that on December 28, 1957, at about 7:30 p.m., Katz was hitchhiking from San Diego to Los Angeles when a black Ford car stopped to pick him up. McClain was driving the car, Watterson was in the back seat and Katz sat in the front seat between McClain and Liner. They stopped at a filling station in San Diego and then proceeded toward Los Angeles. About 20 minutes later Katz felt a "bang" on his head and "saw black and white" and his ears "cracked." He "figured it came from the back because both the others had their hands in front." He was hit four or five times and the blows were applied on the back of his head and "it felt like a blunt object." Katz started begging his companions to stop, stating that he had only about $6.00; that he had a wife and three children and asked them not to hit him. The appellant then said, "shut up or I will hit you some more." Liner took Katz's watch, a $5.00 bill and a $1.00 bill. The car was then stopped near a ditch and appellant said, "I want you to get out and lie on your belly in the ditch and if you don't I will give you a beating you will never forget." Katz complied with this order and appellant and his companions then drove away.

Katz was taken to a hospital for treatment and a wound in his head was sutured. A doctor testified that from the photographs shown to him he could not say with any degree of certainty whether the injury to Katz's head was caused by a blunt object or by a severe bump on a hard surface.

Appellant and Liner did not testify. McLain testified that he was driving the car when appellant told him to pick up Katz; that they drove north on Highway 101; that Katz sat in the middle in the front seat with Liner on his right and appellant was in the back; that somebody hit Katz and that on appellant's order, he, McClain, stopped by the side of the road; that Liner put his hand in Katz's pocket and then Katz pulled out his wallet and gave it to Liner; that he, McClain, thought that appellant told Katz to get out and lie in the ditch and after Katz got out and was lying in the ditch, appellant told him (McClain) to drive off; that they then drove to Escondido, where they were arrested.

Appellant contends that the evidence is insufficient to sustain a conviction of robbery in the first degree. He does not question the sufficiency of the evidence to sustain a conviction of robbery but claims that the evidence is insufficient to show that appellant was armed with a deadly or dangerous

weapon at the time of the commission of the offense. (Pen. Code, § 211a.)

In *People* v. *O'Neal*, 2 Cal.App.2d 551, 558 [38 P.2d 430], it is said:

"A dangerous or deadly weapon has been frequently described in our authorities as any weapon or instrument which, from the manner that it is used or attempted to be used, is likely to produce death or cause great bodily injury."

Under the circumstances of the instant case the question of whether the appellant was armed with a dangerous or deadly weapon within the meaning of section 211a of the Penal Code was one of fact for the jury. (*People* v. *McKinney*, 111 Cal.App.2d 690, 693 [245 P.2d 24].) The character of the weapon used may be shown by circumstantial evidence. In *People* v. *Lopez*, 118 Cal.App.2d 235, 237 [257 P.2d 670], the court said:

"The evidence is also sufficient to sustain the jury's implied finding that defendant was armed with a dangerous or deadly weapon when he committed the offense, hence was guilty of robbery in the first degree. (Pen. Code, § 211a.) Morgan was attacked from behind, consequently he could not see the instrument with which he was hit. However, the character of the weapon used by a defendant may be shown by circumstantial evidence. The testimony of the victim, that he was hit by 'some hard object,' rendered semiconscious, and remained in that condition for a period of some seven minutes, justifies an inference that a dangerous weapon was used. (*People* v. *Sampson*, 99 Cal.App. 306 [278 P. 492].)"

In the instant case the jury could infer that a dangerous or deadly weapon was used from the testimony of the victim, George Katz, and the testimony of the doctor, who stated that the injury to the victim's head appeared to be a laceration 1½ to 2 inches in length, with serrated or jagged edges, and that the appearance of a jagged wound in the back of the scalp means a blunt object of some sort was used.

The qualification of the doctor to testify as an expert was within the discretion of the trial court. It is not restricted by any specified limitations in determining such qualifications and the exercise of its discretion will not be disturbed except when it is shown to have been abused. (*People* v. *Horowitz*, 70 Cal.App.2d 675, 689 [161 P.2d 833].) No abuse of discretion appears in this connection. The jurors were not bound by the opinion expressed by the doctor but were free to disregard it if they found it to be unreasonable. (*People* v.

*Cole,* 47 Cal.2d 99, 105 [301 P.2d 854, 56 A.L.R.2d 1435].)

Appellant contends that the trial court erred in permitting the testimony of George Katz taken at the preliminary hearing to be given as evidence at the trial, claiming that the prosecution should have been required to utilize sections 1334-1334.6 of the Penal Code relating to procuring the attendance of a witness outside the state of California. The questioned testimony was properly admitted under the provisions of section 686, subdivision 3, of the Penal Code, which provides that the deposition of a witness at the preliminary hearing may be read at the trial upon its being satisfactorily shown that the witness cannot with due diligence be found within the state.

In *People* v. *McDaniel,* 157 Cal.App.2d 492, 499 [321 P.2d 497], two investigators for the district attorney's office testified that they made inquiries as to the whereabouts of the witness and ascertained that he was in Dallas, Texas; that they sent a telegram to an address in Dallas furnished by his family and read a telegram in reply from the witness stating he would be unable to appear at the trial. Photostatic copies of the telegrams were received in evidence and the court held that the testimony of the witness given at the preliminary hearing was properly read in evidence at the trial. It was further held that if, in the exercise of a reasonable discretion, the court determines that a witness is outside the state, its order allowing the testimony taken at the preliminary hearing to be read will not be disturbed on appeal.

As is said in *People* v. *Horace,* 127 Cal.App.2d 366, 369 [273 P.2d 923] :

"The question as to what will constitute due diligence to secure the presence of a witness which will authorize the reading of such witness' testimony taken at the preliminary hearing when such witness is shown to be unavailable, is largely within the discretion of the trial court and depends on the facts of each particular case." (See also *People* v. *Robinson,* 149 Cal.App.2d 342, 345 [308 P.2d 442].)

In the instant case the record shows that a deputy district attorney of San Diego County, in attempting to locate George Katz, interviewed the manager of a hotel where Katz had been staying and was told that Katz had left on February 7 and had gone to his home town, which was shown on his room rental record as 126 Den Quarry Road, Lynn, Massachusetts; that Katz had apparently received a letter from his wife and had gone home by airplane. The district

attorney issued a subpoena for Katz three or four days after the arraignment in the superior court and it was returned on February 13. On March 4, 1958, the district attorney's office sent a telegram to Katz and on the same date received the following reply:

"Am now residing at 126 Den Quarry Road, Lynn, Massachusetts with my wife and children and cannot attend trial in San Diego on March 11, 1958. (signed) George L. Katz."

This evidence was sufficient to authorize the reading of the questioned testimony at the trial and there was no showing of bad faith on the part of the district attorney or that he encouraged Katz to leave the state. ■ While sections 1334-1334.6 provide a method which makes it possible under certain conditions for either the prosecution or the defense to secure the attendance of witnesses from outside the state, these provisions are not inconsistent with the provisions of section 686 of the Penal Code.

■ Apparently the precise question here involved has not been passed upon by the courts of this state. However, in *People* v. *Cahan*, 141 Cal.App.2d 891 [297 P.2d 715], Lee Cobert, the victim of a robbery, was in Las Vegas, Nevada, at the time of trial and the court permitted the prosecution to read in evidence his testimony taken at the preliminary hearing. The defendant requested a continuance for the purpose of taking Cobert's deposition under the Uniform Act to Secure the Attendance of Witnesses from without the State in Criminal Cases. (Pen. Code, §§ 1334-1334.6.) The request was denied and it was held that the court did not abuse its discretion in denying a continuance.

In the instant case we find no reversible error in the action of the trial court in permitting the prosecution to read in evidence the testimony of George Katz taken at the preliminary hearing.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.