[Crim. No. 3870. First Dist., Div. Two. May 23, 1961.]

THE PEOPLE, Respondent, v. PATRICK ROY WOOD, Appellant.

Ralph L. Coffman for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and John L. Burton, Deputy Attorneys General, for Respondent.

DRAPER, J.—A jury found defendant guilty of robbery and determined the offense to be of the first degree. Defendant appeals from the judgment.

Ralph Cook was found unconscious, badly beaten, bleeding heavily, in an alley behind a theater on Market Street in San Francisco. His pockets had been emptied and his personal papers were scattered. A laceration on the left side of his neck was 1½ to 2 inches long and 1½ inches deep. Beside

him lay a smashed bottle of wine in a paper bag. The bag and some pieces of the glass were stained with human blood. Cook, appellant, Daniel Reardon and Robert Allee had been together in a nearby bar shortly before Cook was found. Appellant, Reardon and Allee were indicted. Reardon and Allee pleaded guilty and Reardon testified for the state.

He testified that the four had been drinking together in the bar, that he and Cook left to get a bottle of wine. Cook bought the wine and received change for a $20 bill. Reardon and Cook returned to the bar, left it with their two companions, and went to the alley where Cook was later found, to drink the wine. Reardon testified that he had suggested to appellant that they "roll" Cook. In the alley, Cook and appellant began to fight. Reardon struck Cook "a couple of times." Appellant knocked Cook down and kicked him. While Cook lay on the pavement, Reardon took his money, some $18-$19, and gave it to appellant. These two then went to their hotel room. Appellant changed his clothes, placed the bloody clothing in a paper bag, and deposited bag and contents on the roof of a nearby building. He then accompanied Reardon to the bus station, whence Reardon departed for Santa Monica.

Reardon clearly was an accomplice, and the jury was so instructed. The principal question is whether his testimony was adequately corroborated (Pen. Code, § 1111). The jury was fully instructed on the need for corroboration, and impliedly found it in the evidence.

Appellant, both in extrajudicial statements and in his testimony at the trial, admitted going to the alley, fighting with Cook, knocking him down and kicking him. He denied taking Cook's money or knowing that it was taken. He claimed to have no knowledge that Cook had any money. Thus the only corroboration required is as to the taking of the money.

There is independent evidence that Cook and Reardon left the bar to buy wine, and returned with Cook carrying the bottle. Because of Cook's injuries, he had no detailed recollection of the events of the evening. He testified however that he did have some money with him. Appellant, in an extrajudicial statement, admitted that Cook bought some drinks. Appellant testified that he had left his home in Santa Monica six to eight months before the evening in question, and had been living in San Francisco. He had not been employed during that entire period. He had lived in hotels and had been "drinking quite a bit" for the entire time. Appellant, in statements to the police, admitted buying a bottle of whiskey shortly

after leaving Cook in the alley, and also admitted purchasing the bus ticket for Reardon. In his testimony, he admitted disposing of his clothing that night but said he did so because it was of no more use to him. He denied knowing that Cook was seriously injured when he left him in the alley.

Of course, the mere presence of appellant at the time of the crime, and the fact that he had an opportunity to commit it, is not sufficient corroboration (*People* v. *Robbins,* 171 Cal. 466, 470-471 [154 P. 317]). [ But corroborative evidence is sufficient even though slight and entitled to little consideration when standing alone (*People* v. *Wayne,* 41 Cal. 2d 814, 822 [264 P.2d 547]). The admission and statements of a defendant may afford corroborating proof sufficient to sustain a verdict (*People* v. *Negra,* 208 Cal. 64 [280 P. 354] ; *People* v. *Harper,* 25 Cal.2d 862, 877 [156 P.2d 249]), as may his actions after the offense (*People* v. *Santo,* 43 Cal.2d 319, 327 [273 P.2d 249]). Corroborating proof may be circumstantial (*People* v. *Henderson,* 34 Cal.2d 340 [209 P.2d 785]). Viewed in the light of these decisions, we think the corroboration here is sufficient. Appellant's disposal of his clothing immediately after the crime is some evidence of a consciousness of guilt, which the jury could attribute to the robbery in the light of appellant's denial that he thought Cook was injured when he left him in the alley. Like importance could be attached to appellant's cooperation in procuring the prompt departure of his friend Reardon, the accomplice, from the city where the crime occurred. The jury was not required to believe appellant's statement that he had money although he had been long unemployed and had no source of income. Thus his comparative affluence, evidenced by his purchase of whiskey and a bus ticket shortly after the robbery, could be given some effect. Under the peculiar circumstances of this case, wherein appellant admitted full participation in all elements of the offense save the actual taking of money, the jury could give some weight to his evasiveness when cross-examined as to the latter feature, and the conflicts between his testimony and his extrajudicial statements. We hold the corroboration adequate.

Appellant contends that there is no evidence that he was armed with a ''dangerous or deadly weapon'' and thus no proof that the robbery was of the first degree (Pen. Code, § 211a). The point is without merit. A shod foot is not a weapon in the strict sense. But it is capable of being so used. Here there is medical evidence that the

deep gash in Cook's neck could have been caused either by a kick from a shod foot, or by a blow from the wine bottle. Appellant admits kicking the prostrate Cook more than once. In the light of case definition (*People* v. *Raleigh*, 128 Cal.App. 105, 108-109 [16 P.2d 752] ; *People* v. *Copeland*, 157 Cal.App.2d 185, 187 [320 P.2d 531]) we have no doubt that a shod foot, used as appellant intended to and in fact did use it here, is a dangerous and might well be a lethal weapon. Similarly, a bottle could be such a weapon (*People* v. *Hood*, 160 Cal.App.2d 121 [324 P.2d 656]). While there is no direct evidence that the wine bottle was used as a bludgeon, the use of a weapon and the character of the weapon used may be shown by circumstantial evidence (*People* v. *Liner*, 168 Cal.App.2d 411, 414 [335 P.2d 964]). Here the medical testimony and the presence of blood stains on the bottle fragments constitutes such circumstantial evidence.

 Finally, appellant urges error in the refusal of instructions offered by him emphasizing that knowledge of criminality of proposed action is necessary to render one an aider and abetter. But the elements of knowledge and intent were fully and fairly covered in the instructions given. Thus it was not error to refuse the cumulative instruction requested by appellant (*People* v. *Sakelaris*, 154 Cal.App.2d 244, 247 [315 P.2d 902]).

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.