[Crim. No. 3331. Third Dist. Oct. 9, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE
LEONARD BENNETT, Defendant and Appellant.

Frank Hue, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Edward A. Hinz, Jr., Deputy Attorney General, for Plaintiff and Respondent.

PEEK, P. J.—Defendant was found guilty of robbery in the first degree. He now appeals from the judgment of conviction and from the order denying his motion for a new trial. It is the conclusion of this court that none of his contentions are meritorious.

The victim of the robbery, Jesse H. Mitchell, and his companion, Donald H. Carnegie, became acquainted with defendant at the bar of a gambling casino at Lake Tahoe. At their suggestion, defendant joined them for dinner, during which it was agreed that he would also join them on an excursion to Squaw Valley the following day. It was also suggested that defendant spend the night with them at their motel, since he had spent all of his money except a small pay roll check and had checked out of his motel.

Shortly after dinner, Carnegie returned to the motel while Mitchell and defendant stayed on at the night club. They subsequently went to another club where Mitchell won approximately $25 and defendant lost approximately $10. About 5:30 a. m. they returned to the motel where they found Carnegie asleep in one of the double beds. They undressed and occupied the remaining bed. Shortly thereafter, defendant got up, stating he was going back to the casino and try to win back some of the money he had lost. He returned at approximately 8 a. m., just as Carnegie was leaving for breakfast. When Carnegie returned he found Mitchell alone, covered with blood, the room in a chaotic condition and all of their personal effects as well as all of their clothing missing. Mitchell was unable to give a coherent statement to police officers who arrived shortly thereafter. He was taken to the Al Tahoe Medical Center where it was found he had received

15 to 20 deep lacerations about the head. There was also a suggestion of a fractured skull. He remembered nothing from the time Carnegie left the motel until he regained consciousness in a Reno hospital nine days later.

Defendant was arrested in Reno when he attempted to cash a check at a gambling casino under the name of Mitchell. When questioned as to his identity he showed the officers various cards with Mitchell's name on them. However, when pressed for his driver's license he became belligerent and was placed under arrest. Among the items found in his possession was a motel key. When the officers stated they would go to his motel and bring back what they found there, defendant stated, "I wish you would. I would like to have it all here." Among the articles which were found, some of which were introduced in evidence, were a transistor radio, electric razor, camera, and a plaid carrying case, all of which were identified by Mitchell as belonging to him.

It is defendant's first contention that the articles mentioned were improperly admitted into evidence because they were produced as the result of an unlawful search and seizure. In support of this contention, defendant argues that he did not consent to the search and that the search was not made contemporaneously with his arrest, in that he was neither present nor in the immediate vicinity.

Defendant's denial of consent in the face of the statements made by the officers merely presented a conflict in the evidence which the court resolved against him. ██ It is well established that when a defendant freely consents to a search of the premises under his control, any search made pursuant thereto is reasonable. (*People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469].) ██ It is the further rule that when a defendant freely consents to a search it is not necessary for the prosecution to show that such search and seizure were reasonable as incident to a proper arrest. (*People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241].)

██ Defendant also contends that there was insufficient evidence to support the verdict of robbery in the first degree, in that there was no evidence that he used a "dangerous or deadly weapon," within the meaning of section 211a of the Penal Code. The record in this regard, as noted, shows that Mitchell suffered 15 to 20 deep lacerations about the head with resultant depressed skull fractures. Defendant admitted to the El Dorado County officers that he had kicked Mitchell with his shoes and had later disposed of them because they were covered with blood. He also admitted to Carnegie that he

had struck Mitchell repeatedly. Furthermore, while testifying in his own behalf, he stated he had struck Mitchell with "everything God gave me. My knees, my elbows, my hands and everything like that." His defense was that Mitchell had made improper advances which had angered him.

In the determination of whether an instrument not inherently deadly or dangerous assumes such characteristics, recourse may be had to the nature of the object or instrument, the manner of its use, the location on the body of injuries inflicted, and the extent of such injuries. (*People* v. *Russell,* 59 Cal.App.2d 660 [139 P.2d 661].) Thus it has been held that a shod foot, although not a weapon in the strict sense, is capable under the above rule of being used as such. (*People* v. *Wood,* 192 Cal.App.2d 393 [13 Cal.Rptr. 339].)

As a part of the State's case and in order to show the injuries inflicted upon Mitchell, photographs were introduced into evidence. It is defendant's contention that such evidence was introduced solely for the purpose of inflaming the jurors' emotions against him, inasmuch as there was no dispute that the victim had been injured. Four of the photographs were taken at the Washoe Medical Center and depicted Mitchell's head injuries. The remaining two photographs were taken at the emergency hospital shortly after Mitchell had been discovered by Carnegie.

While it is true that it is error to receive in evidence gruesome photographs for the sole purpose of arousing the passions of the jurors, such photographs are admissible when they are relevant to the issue before the court and their probative value is not outweighed by the danger of prejudice to the defendant. Necessarily, therefore, whether or not photographs may be admitted is lodged in the sound discretion of the trial court. We find no abuse of that discretion. In view of the contentions made by defendant, the photographs of Mitchell's condition were relevant to the issue of whether or not the shod feet of defendant had been used as a deadly weapon in inflicting the injuries.

The order denying the motion for a new trial being nonappealable, the appeal therefrom is dismissed and the judgment is affirmed.

Schottky, J. and Pierce, J. concurred.