243 Cal.App.2d 681 (1966)
52 Cal. Rptr. 668
THE PEOPLE, Plaintiff and Respondent,
v.
GEORGE WASHINGTON, JR., et al., Defendants and Appellants.
Docket No. 262.
Court of Appeals of California, Fifth District.
July 27, 1966.
*683 George Washington, Jr., in pro. per., Harry T. Kaneko, under appointment by the District Court of Appeal, and Terry A. Francois for Defendants and Appellants.
*684 Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, Roger E. Venturi and Arnold O. Overoye, Deputy Attorneys General, for Plaintiff and Respondent.
McMURRAY, J. pro. tem.[*]
The defendants were tried by a jury, found guilty, and sentenced for first degree robbery. They appeal from these judgments. Appellant Washington appeals in propria persona; appellant Thomas is represented by counsel.
In addition to the charge of first degree robbery, appellant Washington was charged with and admitted three prior felony convictions in Missouri, one in 1948, one in 1954, and one in 1961. Appellant Thomas was charged with and denied a prior felony conviction in 1958 in the State of California. This charge was found to be true by the jury.
[1, 2a] Under familiar appellate rules, the facts most favorable to respondent disclose that on November 7, 1964, appellants entered a bar in Freeport, California, at about 11:15 p.m. and drank three beers. At about 10 minutes before midnight after all the other customers had left, the owner told appellants it was time to leave as it was closing time. Appellant Washington vaulted over the bar with a shiny object two to three inches long in his hand, and pressed it into the owner's side and said, "This is a robbery. We want your money." Thomas circled around the bar, pointed his finger at the owner and told him to do as he was told. The appellants removed money from the cash register and the owner's wallet. The owner was then taken into the lavatory, his hands were tied behind his back, another wallet was taken from his rear pocket, and he was beaten about the head with some kind of blunt, hard instrument until he fell to the floor. He could feel the blood trickling down; his head was cut and bleeding from the blows; he was taken to the hospital in an ambulance.
The owner positively identified the appellants in a police lineup and at the trial. A customer who had been in the bar when appellants were there positively identified appellant Washington and testified that Thomas was very similar to Washington's companion on the night of the robbery. The owner's daughter testified that she saw a tan and white 1956 Chevrolet parked beside the bar on the night of the holdup. To rebut appellants' alibi that they were in Los Angeles, it was established that appellants were driving a 1956 tan and white Chevrolet on the night of the robbery and had been seen at *685 about 10:30 at a local labor camp which was some 15 to 20 minutes away from the bar.
Appellants urge that the evidence was insufficient to support a conviction of first degree robbery. There is no merit in this contention. There can be no question that a robbery was committed. The offense of robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) And first degree robbery is defined in section 211a of the Penal Code as "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree."
[3] The eyewitness identification by both the owner and the patron of the bar is sufficient, and is bolstered by the presence of the automobile which was seen parked outside the bar. (In re Corey, 230 Cal. App.2d 813, 825-826 [41 Cal. Rptr. 379]; People v. Jackson, 183 Cal. App.2d 562, 567-568 [6 Cal. Rptr. 884]; People v. Molarius, 213 Cal. App.2d 10, 15 [28 Cal. Rptr. 541].) [4] Appellants argue that the testimony was weak, if not inherently improbable. The argument is inappropriate as it goes to the weight and not to the sufficiency of the evidence, which cannot be reweighed on appeal. (People v. Garcia, 222 Cal. App.2d 6 [34 Cal. Rptr. 603]; People v. Primo, 121 Cal. App.2d 466 [263 P.2d 443].)
[2b, 5] The evidence as to the possession and use of a dangerous weapon in the robbery was sufficient since the statute makes the use of a dangerous weapon in a prohibited manner sufficient to justify a finding of first degree robbery. (People v. Hood, 160 Cal. App.2d 121 [324 P.2d 656]; People v. Raleigh, 128 Cal. App. 105 [16 P.2d 752].) In this case photographs of the head injuries sustained by the owner were introduced on the question of the degree of the robbery. In People v. Bennett, 208 Cal. App.2d 317, 320 [25 Cal. Rptr. 257], it is said: [6] "In the determination of whether an instrument not inherently deadly or dangerous assumes such characteristics, recourse may be had to the nature of the object or instrument, the manner of its use, the location on the body of injuries inflicted, and the extent of such injuries. [Citation.] Thus it has been held that a shod foot, although not a weapon in the strict sense, is capable under the above rule of being used as such. [Citation.]
"As a part of the State's case and in order to show the *686 injuries inflicted upon Mitchell, photographs were introduced into evidence....
"... In view of the contentions made by defendant, the photographs of Mitchell's condition were relevant to the issue of whether or not the shod feet of defendant had been used as a deadly weapon in inflicting the injuries."
[7] The fact that the weapon used by appellants was not introduced at the trial does not impair the validity of the finding of first degree robbery. There is no such requirement. (See e.g., People v. Miller, 190 Cal. App.2d 361, 364 [11 Cal. Rptr. 920]; People v. Wiest, 205 Cal. App.2d 43, 47 [22 Cal. Rptr. 846].) In People v. Lopez, 118 Cal. App.2d 235, 237 [257 P.2d 670], the victim stated he had been struck by some hard object, an object which was never produced at the trial, and the court upheld the sufficiency of this evidence, stating: "Morgan was attacked from behind, consequently he could not see the instrument with which he was hit. However, the character of the weapon used by a defendant may be shown by circumstantial evidence. The testimony of the victim, that he was hit by `some hard object,' rendered semiconscious, and remained in that condition for a period of some seven minutes, justifies an inference that a dangerous weapon was used." (See also People v. Costa, 218 Cal. App.2d 310, 315 [32 Cal. Rptr. 374].)
In the instant case the owner was also struck from behind and did not see the weapon with which he was struck, but the implied finding of the jury that a dangerous weapon was used is certainly supported by the character of the injuries inflicted upon the owner's head. [8] Needless to say, each appellant is guilty of first degree robbery without regard to which one of them used the weapon. (People v. Cooper, 212 Cal. App.2d 863 [28 Cal. Rptr. 302].)
[9] Appellant Washington in his brief contends that he should have been prosecuted by indictment rather than information, and that the failure to so prosecute was a violation of the Fifth Amendment. No authority is cited in support of this proposition and the provisions in the California Constitution, article I, section 8, as well as the cases of Hurtado v. California, 110 U.S. 516 [4 S.Ct. 111, 292, 28 L.Ed. 232]; People v. Barreras, 181 Cal. App.2d 609, 615 [5 Cal. Rptr. 454]; and People v. Erb, 235 Cal. App.2d 650, 653 [45 Cal. Rptr. 503], make this contention untenable.
[10a] Each of the abstracts of judgment in these appeals contains a clause stating that the appellants were found to have been armed with a deadly weapon within the meaning of *687 Penal Code sections 969c and 3024 at the time of the commission of this offense. These statements must be stricken from the abstracts of judgment since it is established that before a defendant can be found to have been armed with a deadly weapon he must have been previously charged with the use of a deadly weapon by the information. The trier of fact must pass on the question. (Pen. Code, § 969c; People v. Ford, 60 Cal.2d 772, 794 [36 Cal. Rptr. 620, 288 P.2d 892]; People v. Calloway, 127 Cal. App.2d 504, 509-510 [274 P.2d 497]; People v. Fernandez, 222 Cal. App.2d 760, 769-770 [35 Cal. Rptr. 370]; People v. Williams, 233 Cal. App.2d 520, 522-523 [43 Cal. Rptr. 704].) [11] The distinction to be drawn here is that although a first degree robbery conviction may be sustained where the information does not allege the use of a deadly weapon, Penal Code section 969c requires that before the additional penalties of Penal Code sections 3024 and 12022 may be imposed by the above indicated "armed clause," there must be both a prior allegation of the use or possession of a deadly weapon and a finding supported by substantial evidence. (People v. Calloway, supra; People v. Lesterjette, 40 Cal. App.2d 327 [104 P.2d 844]; see also People v. Williams, supra.) [10b] Appellants were not so charged and the jury did not pass on this question. In any event, the record before us does not show that a deadly weapon, as defined in Penal Code section 3024, subdivision (f), was used in the commission of the robbery.[1]
[12a] Appellant Washington attempts to raise on behalf of his coappellant who is represented by counsel, a contention that proof of Thomas' prior conviction should not have been allowed and was improperly submitted to the jury. Although Thomas' attorney has stated that he does not wish to join in any of appellant Washington's argument, the point has been considered. It is without merit since the record shows a conviction for violation of Penal Code section 261 with five years of probation conditioned on a year in the county jail. Unless and until a misdemeanor sentence is imposed, a conviction for an offense alternatively punishable as a misdemeanor or a felony, remains a felony for all purposes. (People v. Banks, 53 Cal.2d 370, 381-382, 385, fn. 8 [1 Cal. Rptr. 669, 348 P.2d *688 102].) [13] Thomas' identity with the person named in the certified abstract introduced to prove the prior was sufficiently shown, since the abstract carried the same name and a photograph. (People v. Sberno, 22 Cal. App.2d 392, 398 [71 P.2d 274]; People v. Purcell, 22 Cal. App.2d 126, 131 [70 P.2d 706].) [12b] In any event, under the provisions of section 3024, subdivision (c), of the Penal Code, which specifies the minimum term for a prior offender, the apposite clause would fix the minimum term at two years, whereas Thomas' conviction of first degree robbery requires a minimum term of five years. (Pen. Code, § 213.)
[14] Appellant Washington contends that the trial court erred in determining his status as an habitual criminal because there was no satisfactory showing that the prior convictions were obtained when he was represented by counsel or that he intelligently and knowingly waived his right thereto at the time of those prior convictions. Although it is said in In re Woods, 64 Cal.2d 3, at pp. 7-8, [48 Cal. Rptr. 689, 409 P.2d 913], in regard to the People's argument there made that because petitioner, while represented by counsel, admitted prior convictions at the time when he pleaded guilty, he waived any right to later challenge those proceedings, that neither petitioner nor his counsel could be held accountable to raise objections which could only be sustained by reference to a case not yet decided; it might appear here that appellant Washington, by admitting these priors at a time when he was represented by independently retained counsel and at a time subsequent to the decision in Gideon v. Wainwright, 372 U.S. 335 [83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733], waived these objections. However, a reading of In re Luce, 64 Cal.2d 11 [48 Cal. Rptr. 694, 409 P.2d 918]; In re Tucker, 64 Cal.2d 15 [48 Cal. Rptr. 697, 409 P.2d 921]; People v. Ebner, 64 Cal.2d 297, 304-305 [49 Cal. Rptr. 690, 411 P.2d 578], appears to make it incumbent on this court to remand to the trial court the question as to whether or not Washington was represented by counsel or knowingly and intelligently waived his right thereto at the time of the prior convictions here charged.
Appellant Washington in his brief alleges that he was prejudiced by the introduction of his prior record before the jury, but such introduction does not appear in the record. Appellant Washington also urges that the district attorney commented on appellant's failure to take the stand; a reading of the record fails to show any such reference.
*689 The judgments are affirmed as to each of the defendants insofar as the finding of guilty of first degree robbery is concerned. The allegation contained in the abstracts of judgment before this court to the effect that each was armed with a deadly weapon at the time of the commission of the offense is stricken. The judgment against appellant Washington is reversed insofar as it adjudicates appellant Washington to be an habitual criminal, and the cause is remanded to the trial court for redetermination of appellant Washington's status as an habitual criminal and resentencing in accordance with this opinion.
Conley, P.J., and Stone, J., concurred.
The petitions of appellant Thomas and the respondent for a hearing by the Supreme Court were denied September 28, 1966.
NOTES
[*] Assigned by the Chairman of the Judicial Council.
[1] "The words `deadly weapon' as used in this section are hereby defined to include any instrument or weapon of the kind commonly known as a blackjack, slung shot, billy, sandclub, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than five inches, any razor with an unguarded blade and any metal pipe or bar used or intended to be used as a club." (Pen. Code, § 3024, subd. (f).)