[Crim. No. 16. Fourth Appellate District.—February 17, 1930.]

THE PEOPLE, Respondent, v. DALE ELLIOTT et al., Appellants.

Trujillo & Eriksson for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendants were convicted of robbing the Broiler Cafe in the city of San Bernardino on the night of July 26, 1929, and were sentenced to serve terms in penal institutions. From these judgments the defendants have appealed.

Appellants rely upon six alleged errors for a reversal of the judgments. We will consider them separately as presented.

Appellants complain of the introductions of their confessions because they maintain that they were given under promise of immunity or reward. Each defendant was very willing to admit his participation in the crime at about the time of, and immediately after, his arrest. The confessions were made separately and to a large number of witnesses, both officers of the law and others. In each case the witness laid a proper foundation for the introduction of the confession by testifying to facts showing that it was freely and voluntarily made. No objection was made to the introduction of the evidence of the confession, and the question of its being given under a promise of immunity or reward did not appear in the case until the People had rested and the defendants were testifying in their own behalf. The evidence went before the jury without objection and was properly admitted.

The defendant Jack Elliott maintains that the court erred in admitting a typewritten copy of questions asked him and his answers thereto in which he admitted his guilt. According to the evidence for the People, the paper was prepared in the following manner: Jack Elliott, when under

arrest in the city jail in Los Angeles, said he desired to make a statement regarding the crime and was taken into a room with M. D. Kimberly, a lieutenant of police, and Jacob Schultess, a stenographer. Kimberly asked Elliott questions, which he answered. The questions and answers were taken down on a typewriter by Schultess, and later Elliott refused to sign the paper, which was admitted in evidence as a People's exhibit during the trial, over the objection of the defendant. We can assume that this ruling of the court was error (*People* v. *Luis*, 158 Cal. 185 [110 Pac. 580]), but still must hold that it was not sufficiently prejudicial to cause a reversal of the judgment. Prior to the admission of the paper, and its being read to the jury, Officer Kimberly had, from memory and without objection, detailed the questions and answers to the jury. The admission of the paper itself was merely a repetition of competent testimony already before the jury and appellant Jack Elliott was not sufficiently prejudiced thereby to cause a reversal of the judgment against him.

Jack Elliott further complains of rulings of the trial court in permitting the district attorney to cross-examine him at length concerning prior convictions of felonies. He was asked if he had been convicted of a felony, which question he answered in the affirmative. The district attorney was then permitted, over the objection of the defendant, to ask him if he had not been convicted of other felonies and confined in the United States penitentiary at Leavenworth, all of which he denied. These questions were not followed up by any offer of proof of convictions for the crimes, the commission of which was implied in the questions. The district attorney was also permitted to ask the defendant if he had not gone under an assumed name. The cross-examination went entirely too far and court should not have permitted it. (*People* v. *Chin Hane*, 108 Cal. 597 [41 Pac. 697]; *People* v. *Eldridge*, 147 Cal. 782 [82 Pac. 442]; *People* v. *Adams*, 76 Cal. App. 178 [244 Pac. 106].)

The defendants complain of a ruling of the trial court admitting in evidence a pistol and a revolver alleged to have been used by them during the robbery. Two witnesses testified that Jack Elliott and William Morgan were armed during the robbery with guns similar to those introduced in evidence, and other witnesses testified that each

of these defendants admitted ownership of one of the weapons and its use during the robbery. They were properly admitted in evidence and placed before the jury.

Appellants complain that the court committed error in permitting the People to prove by a witness, Wesley Flickinger, that he saw the four men together at about 11 o'clock P. M. on the night of July 26, 1929, on the main highway about one mile west of Riverside, and brought them into that city. The robbery was committed at about half-past 9 o'clock on the same night. The evidence, while remote, was admissible. The weight to be given it was to be determined by the jury.

Appellants further contend that the trial court erred in giving People's instructions numbers 3 and 4, and quote the most objectionable portion as follows: "And, in this connection, you are further instructed that if the jury believe that the defendants, or any of them made any statement or statements relative to the alleged offense which were of an incriminatory nature, then the jury may consider any such statement or statements, if any, made by the defendants or any of them which were of an incriminatory nature, as true as the law presumes that a person charged with a crime or knowing that they are about to be charged with the commission of a crime is not liable to make an incriminatory statement relative to such crime unless such statement be true." This instruction has been expressly criticised in the case of *People* v. *Piner*, 11 Cal. App. 542 [105 Pac. 780]. Part of instruction 3 is also open to criticism.

It is admitted by the attorney-general, and we agree with him, that two errors, one in cross-examination of Jack Elliott, and the other in the two instructions noted, were committed during the trial, and it remains to be determined whether or not these errors resulted in a miscarriage of justice requiring a reversal under the provisions of article VI, section 4½, of the Constitution.

The transcript of the evidence in this case is long and it would serve no good purpose to review in detail the testimony of the twenty-one witnesses who appeared before the jury. Suffice it to say that the evidence of the guilt of all the defendants is overwhelming. Pansy Thomas, a waitress in the Broiler Cafe, served the four defendants immediately before the robbery and saw three of them actually engaged

in the crime. The fourth had gone to the street in front of the cafe and started the automobile in which they made their escape. Mary Peck, the cashier in the cafe, positively identified all of the defendants as the ones committing the crime. The evidence of these witnesses alone was sufficient to support a conviction. Further, the defendants confessed to a number of people, both in Riverside and Los Angeles, and then in San Bernardino. The evidence of guilt was conclusive and leaves no doubt of the correctness of the verdict of the jury. This is a proper case in which to invoke the provisions of the Constitution above referred to. (*People* v. *Burns*, 27 Cal. App. 227 [149 Pac. 605] ; *People* v. *Black*, 73 Cal. App. 13 [238 Pac. 374].)

Judgment affirmed.

Sloane, P. J., and Barnard, J., concurred.