[Crim. No. 14925.   Second Dist., Div. One.   Mar. 5, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. SHAW
BOZIGIAN, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter E. Wunderlich, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was convicted of second degree burglary (§ 459, Pen. Code). The court below found to be true three alleged prior felony convictions—second degree burglary (1949), grand theft (1949) and second degree burglary (April 1966)—but ordered stricken the first two. Defendant was sentenced to the state prison for the term prescribed by law. Thereafter on the third prior—burglary (April 1966)— probation was revoked and defendant was sentenced to one year in the county jail said term to run concurrently with the state prison sentence. Defendant appeals from the judgment imposed on the third prior (No. 320584), judgment in the main case (No. A-401-793) and all orders, specifically order denying motion for new trial. The appeal from the orders is dismissed.

Around 3 a.m. on March 30, 1967, Deputies Zabuska and McMahon, responding to a burglary call, proceeded to Tucker Television Store on Atlantic Boulevard; Deputy Zabuska drove to the west side of Atlantic and stopped approximately 20 feet south of the store at the west curb; when Deputy McMahon alighted from the vehicle Deputy Zabuska saw defendant inside the television store with a box under his arm; the store was well lighted and from his vantage point approximately 20 feet away the deputy could clearly observe defendant's features and that he was wearing a brown sports

jacket; defendant looked in the direction of the radio unit and started toward the rear of the store disappearing from Deputy Zabuska's sight; the sliding steel type screen at the front of the store was open and the front glass door was broken and the glass shattered. When defendant started toward the rear of the store, Deputy Zabuska immediately drove around to the rear where he observed an open door and three or four television sets piled up just inside the doorway; it had started to rain and the deputy moved the sets back inside the building, then climbed to the top of a 5' to 6' wooden fence running in an east-west direction adjacent to the south side of the building and saw defendant leap over the fence and run east on Atlantic; Deputy Zabuska yelled to Deputy McMahon at the front of the store, ''There he goes''; Deputy McMahon saw defendant, who had come from the south side of the store, run across Atlantic in an easterly direction away from the store. Deputy McMahon gave chase but deputies in another unit who had approached northbound on Atlantic apprehended defendant. Deputy McMahon had kept defendant in his view continuously from the time he saw him at the south of the store until he was apprehended; immediately Deputy Zabuska identified defendant, who was seated in the radio unit, as the man he saw in the television store minutes before; also defendant was wearing the same brown sports jacket.

Henry Bischoff, manager, Tucker Television Store, returned to the store at 9:30 a.m.; the plate glass portion of the front door was broken and three of the five locks on the sliding steel grate door were broken off; the front door lock had also been jimmied and there was glass all over the floor; four television sets were missing.

Defendant testified he had been at a bar until 2 a.m. when a friend took him home; finding nothing to eat he left for a nearby hot dog stand; walking to Atlantic he stopped at a Shell station to use the restroom which was occupied, then went into an alley where he heard the screeching wheels of a turning vehicle; he started to run and was apprehended; he did not break into any store and take any television sets.

■ Appellant's first contention that the evidence is not sufficient to support the judgment is based on a lengthy factual argument wherein he quotes certain out-of-context portions of Deputy Zabuska's testimony to point up the weakness of his identification. Such argument should be directed to the trier of fact, not to a reviewing court. The weakness of appel-

lant's position that the identification evidence raises only a suspicion of guilt which is not sufficient to support a conviction, lies in his implied request that we reweigh and reinterpret the evidence in a manner consistent with his innocence of the crime. ''But such a determination is the function of the trier of fact; at this stage the test is not whether the evidence may be reconciled with innocence, but whether there is substantial evidence in the record on appeal to warrant the inference of guilt drawn by the trier below. (*People* v. *Hillery* (1965) 62 Cal.2d 692, 702-703 [44 Cal.Rptr. 30, 401 P.2d 382], and cases cited.)'' (*People* v. *Saterfield,* 65 Cal.2d 752, 759 [56 Cal.Rptr. 338, 423 P.2d 266].)

When a judgment is attacked on the ground that the evidence is insufficient to support it, we must view the evidence and the reasonable inferences therefrom in the light most favorable to the party prevailing in the trial court. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Sweeney,* 55 Cal.2d 27, 33 [9 Cal.Rptr. 793, 357 P.2d 1049].) Deputy Zabuska testified he was approximately 20 feet south of the store at the west curb when he observed defendant inside the Tucker Television Store with a box under his arm; the store was well lighted inside and he could clearly observe defendant's features and that he was wearing a brown sports jacket; when defendant saw the radio unit and started for the rear of the store, he (Deputy Zabuska) drove around to the rear and climbed to the top of a six-foot fence; he saw defendant leap over the fence and head east onto Atlantic; he constantly kept defendant in his sight as did Deputy McMahon until he was apprehended; he immediately identified defendant who was seated in the radio unit as the one he had seen in the store only minutes before; defendant was still wearing the same brown jacket. While Deputy Zabuska testified he could clearly observe defendant's features but could not describe isolated facial features or recall whether defendant had a mustache, there is nothing improbable or incredible about his testimony.

Identity is a question of fact for the trial court and unless identification testimony can be construed as inherently improbable or incredible as a matter of law its finding will not be disturbed, and this court will not substitute its judgment for that of the court below. (*People* v. *Smith,* 223 Cal.App.2d 388, 393 [35 Cal.Rptr. 731]; *People* v. *Daniels,* 223 Cal.App. 2d 441, 443 [35 Cal.Rptr. 890]; *People* v. *Wiest,* 205 Cal.App. 2d 43, 45-46 [22 Cal.Rptr. 846]; *People* v. *Hornes,* 168 Cal.

App.2d 314, 319 [335 P.2d 756].) ▮ Any claimed weakness in the evidence of identification is a matter for argument to the trial court and cannot be effectively urged on appeal. (*People* v. *Williams,* 53 Cal.2d 299, 303 [1 Cal.Rptr. 321, 347 P.2d 665].) ▮ Any lack of positiveness as to identity goes to the weight, not to the competency of the evidence. (*People* v. *Gonzales,* 68 Cal.2d 467, 472 [67 Cal.Rptr. 551, 439 P.2d 655]; *People* v. *Avery,* 35 Cal.2d 487, 492 [218 P.2d 527]; *People* v. *Abner,* 209 Cal.App.2d 484, 491 [25 Cal.Rptr. 882]; *People* v. *Harris,* 87 Cal.App.2d 818, 821-823 [198 P.2d 60].)

▮ In finding defendant guilty, the trial court determined that he was the man Deputy Zabuska saw in the Tucker Television Store with a box under his arm and, upon seeing the radio unit, depart in haste through the rear. The issue of identification was again raised on defendant's motion for new trial; he claimed that ''the evidence is insufficient to establish his guilt beyond a reasonable doubt.'' In denying the motion the trial court commented ''it is convinced beyond a reasonable doubt that the person [in the store] is the defendant.'' Twice on credible testimony the trial court made its factual determination that defendant was the man who committed the burglary; we will not disturb its findings.

After denying defendant's motion for a new trial in the main cause, the trial court found all three alleged prior felony convictions to be true but, at defendant's request, ordered the first two stricken, commenting that it was ''stretching a point in favor of the defendant. It's only to grant more latitude to the Adult Authority in case they feel the man should be released earlier than he otherwise would be with three prior felonies''; probation was denied and defendant was sentenced to the state prison for the term prescribed by law. After defendant's request to set bond on appeal and for a stay of execution was denied, disposition of the third prior felony conviction (No. 320584) came before the court on a violation of probation. In April 1966, the proceedings had been suspended without imposition of sentence and probation granted for a period of three years. For the offense herein, the trial court found defendant to be in violation of probation, denied further probation and revoked the same and sentenced him to one year in the county jail, the term to run concurrently with the state prison sentence imposed in the main case. ▮ Appellant argues that the imposition of a county jail sentence on the third prior rendered the same a misdemeanor, thus it could not constitute a prior felony conviction.

Appellant is in error. At the time the trial court found the allegation of the third prior felony conviction to be true, the proceedings therein were suspended without imposition of sentence and probation had been granted for three years. The misdemeanor sentence was not pronounced until *after* defendant had been sentenced to the state prison in the main case, thus, when found to be true the third prior was in fact a felony conviction. Where an offense may be either a felony or misdemeanor depending on punishment, the offense stands as a felony for every purpose up to judgment, and the misdemeanor judgment subsequently rendered has no retroactive effect. (*People* v. *Banks*, 53 Cal.2d 370, 381-383 [1 Cal.Rptr. 669, 348 P.2d 102].) ■ "Unless and until a misdemeanor sentence is imposed, a conviction for an offense alternatively punishable as a misdemeanor or a felony, remains a felony for all purposes. (*People* v. *Banks*, 53 Cal.2d 370, 381-382, 385, fn. 8 [1 Cal.Rptr. 669, 348 P.2d 102].)'' (*People* v. *Washington*, 243 Cal.App.2d 681, 687-688 [52 Cal.Rptr. 668].)

■ Appellant notes in his brief but fails to argue that while in the main cause a jury trial had been waived and by stipulation the cause submitted on the transcript of the testimony taken at the preliminary hearing, there was no such stipulation with respect to the alleged three prior felony convictions. Too, in advancing his position here that the third prior was not in fact a felony, appellant would have us infer from the emphasized portions of a colloquy between defense counsel and the trial judge, that there was no proof of the third prior; he makes no point of this either. The record gives no cause for us to give any consideration to these matters except to mention that they are without substance. Appellant's only complaint in the trial court was that the three alleged priors were not *valid* ones.[1] The People having had no proof of the priors in their file at the time of trial, disposition of the matter of the three prior felony convictions was continued to November 27, 1967, at which time hearing on

---

[1]"Mr. Marcus [attorney for defendant]: Judge, as I understand so far as this case is concerned, there are not three priors, valid priors. . . .

"The Court: Well, you certainly wouldn't have any dispute that the two priors for which he served State Prison sentences were not true; would you?

"Mr. Marcus: There would be no dispute as to the two priors, but there's a question about a third prior here.

"The Court: And the third prior, in last year, we have here for a violation of probation.

"In that case, proceedings were suspended without imposition of sentence.''

defendant's violation of probation in the third prior (No. 320584) had been set before the same judge. On November 27, after denying defendant's motion for a new trial, the court found all alleged prior felony convictions to be true. In this connection it is apparent that before the trial court were the probation report in the main case and the original superior court file containing the judgment on the third prior, case No. 320584, on defendant's violation of probation therein. After argument that because defendant had received concurrent sentences on the same day on the first two prior felony convictions they should be considered as one prior, the court, while not agreeing with defense counsel nevertheless ordered the first two stricken. The third prior was before the court on the original file. However, beyond saying this prior was not a "valid" one appellant did not in the trial court raise the issue that it was not in fact a felony—perhaps because he well knew that at the time he was sentenced in the main case the third prior was a felony, and was a felony until subsequent thereto the trial judge revoked probation and imposed the misdemeanor sentence and remained a felony for the purposes herein.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1969.