No. 46,796

Bruce L. Brooks, *Appellant,* v. State of Kansas, *Appellee.*

(505 P. 2d 766)

Opinion filed January 20, 1973.

*Philip R. Herzig,* of Salina, argued the cause and was on the brief for the appellant.

*Bill Crews,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

*Per Curiam:* Appellant Bruce L. Brooks was convicted in the Saline County District Court on November 13, 1968, of the offense of burglary and burglarious larceny, and his sentence was enhanced under the habitual criminal act, K. S. A. 21-107a, on the basis of a prior felony conviction of second degree burglary in the state of California. The convictions were affirmed by this court in *State v. Brooks,* 206 Kan. 9, 476 P. 2d 617. On March 3, 1971, appellant filed his motion pursuant to K. S. A. 60-1507 seeking vacation of the sentences on the ground there was no valid proof of a prior felony conviction in the state of California. The motion was summarily denied and this appeal perfected.

At the sentence hearing in the Saline County District Court on December 17, 1968, the state introduced duly authenticated copies of the information, orders and minutes from Case No. A 102412 in the Superior Court of the State of California for the County of Los Angeles, entitled *People v. Bruce Laverne Brooks, Jr.,* showing that appellant was represented by counsel, was convicted on a plea of guilty of the violation of section 459 of the Penal Code of California of the crime of burglary in the second degree; that the proceedings were suspended and the appellant was placed on probation. At this hearing, appellant and his counsel requested permission of the court to explain the circumstances surrounding his plea of guilty in the California case. The court advised appellant of his right to remain silent. However, he stated that he understood that he was not required to make any statement but he wished to do so voluntarily. He then stated in pertinent part that he thought he was pleading guilty to a misdemeanor; that he was placed on

probation serving four months in the county jail; that he had not been released from probation; and that he had taken no action to get the conviction changed from a felony to a misdemeanor. The trial court determined that the California conviction constituted a felony, and accordingly enhanced the sentence. The sole question presented is whether the California conviction amounted to a felony or a misdemeanor.

Section 461 of the Penal Code of California (West's Ann. Penal Code) provides punishment for burglary in the second degree by imprisonment in the county jail not exceeding one year, or in the state prison for not less than one year or more than fifteen years. Section 17 of the Penal Code as applicable in 1967 provided:

"A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison. . . . Where a court grants probation to a defendant without imposition of sentence upon conviction of a crime punishable in the discretion of the court by imprisonment in the state prison or imprisonment in the county jail, the court may at the time of granting probation, or, on application of defendant or probation officer thereafter, declare the offense to be a misdemeanor."

In *People v. Williams,* 27 Cal. 2d 220, 163 P. 2d 692, the California court, in construing earlier versions of the mentioned statutes, held that burglary in the second degree is punishable by imprisonment in the state prison (Penal Code § 461) and is therefore a felony. (Penal Code, § 17.) While it is also punishable in the alternative by a county jail sentence (Penal Code, § 461), its status can be changed only by a judgment imposing a punishment other than imprisonment in the state prison. The court further held that:

". . . 'The necessary inference to be drawn from the language of section 17 of the Penal Code that "When a crime, punishable by fine or imprisonmen in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes *after a judgment imposing a punishment other than imprisonment in the state prison,*" is that *the offense remains a felony* except when the discretion is *actually* exercised and the prisoner is punished only by a fine or imprisonment in a county jail.' "

More recently, in an analogous case of *People v. Esparza,* 253 Cal. App. 2d 362, 61 Cal. Rptr. 167, cert. den. 390 U. S. 968, 88 S. Ct. 1082, 19 L. Ed. 2d 1174, the court held:

". . . It is settled that where the offense is alternatively a felony or

misdemeanor (depending upon the sentence), and the court suspends the pronouncement of judgment or imposition of sentence and grants probation, the offense is regarded a felony for all purposes until judgment or sentence and if no judgment is pronounced it remains a felony (*People v. Banks,* 53 Cal. 2d 370 [1 Cal. Rptr. 669, 348 P. 2d 102]; *People v. Williams,* 27 Cal. 2d 220 [163 P. 2d 692]; *People v. Lippner,* 219 Cal. 395 [26 P. 2d 457]). It is of course true that the appellant spent 10 months in the county jail, but this confinement was a condition of probation and did not constitute a sentence within the meaning of Penal Code section 17. . . ."

See also *People v. Livingston,* 4 Cal. App. 3d 251, 84 Cal. Rptr. 237; *People v. Bozigian,* 270 Cal. App. 2d 373, 75 Cal. Rptr. 876.

It is apparent from the record in the instant case that upon appellant's conviction in California, the court suspended the proceedings without imposition of sentence and without declaring the offense to be a misdemeanor and granted Brooks probation. As appellant stated, he was still on probation and had taken no action to get the conviction changed from a felony to a misdemeanor. Inasmuch as the California court had not declared the offense to be a misdemeanor, and no judgment or sentence had been imposed, his conviction remained a felony for all purposes pertinent herein. Although appellant spent four months in the county jail, this confinement was a condition of his probation and did not constitute a sentence within the meaning of section 17 of the Penal Code.

The trial court did not err in concluding the California conviction to be a felony and in imposing sentence under the Kansas Habitual Criminal Act.

The judgment is affirmed.