Reinaldo MARTINEZ–JARACUARO,
Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–72639.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2005.

Decided March 24, 2005.

Martin Resendez Guajardo, Esq., Law
Office of Martin Resendez Guajardo a Pro-
fessional Corporation, San Francisco, CA,
for Petitioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Donald E. Keener, Esq.,
Alison R. Drucker, Esq., U.S. Department
of Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: ALARCÓN, SILER,** and
SILVERMAN, Circuit Judges.

MEMORANDUM ***

Reinaldo Martinez–Jaracuaro, a native
and citizen of Mexico, petitions for review
of the decision of the Board of Immigra-
tion Appeals, which denied his request to
stay deportation proceedings pending con-
sideration of his motion to re-serve and
ordered him deported. As the parties are
familiar with the facts and additional argu-
ments, they are not repeated here.

In February 1997, Martinez–Jaracuaro
pled *nolo contendere* to the offense of as-
sault by force to commit bodily injury in
violation of California Penal Code

---

* Alberto Gonzales is substituted for his prede-
  cessor, John Ashcroft, as Attorney General of
  the United States, pursuant to Fed. R.App. P.
  43(c)(2).

** The Honorable Eugene E. Siler, Jr., Senior
  United States Circuit Judge for the Sixth Cir-
  cuit, sitting by designation.

*** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as provided by
  Ninth Circuit Rule 36–3.

§ 245(a)(1). Martinez–Jaracuaro's offense was punishable as either a felony or a misdemeanor; however, because the state trial judge never declared that he was convicted of a misdemeanor, he was convicted of a felony. *See People v. Bozigian*, 270 Cal.App.2d 373, 379, 75 Cal.Rptr. 876 (1969) ("Unless and until a misdemeanor sentence is imposed, a conviction for an offense alternatively punishable as a misdemeanor or a felony, remains a felony for all purposes." (citation omitted)). Accordingly, this court dismisses Martinez–Jaracuaro's petition for lack of jurisdiction because he was convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C) (court lacks jurisdiction to review a final order of removal if alien is an aggravated felon); *Ocampo–Duran v. Ashcroft*, 254 F.3d 1133, 1134–35 (9th Cir.2001) (one-year sentence for violation of California Penal Code § 245(a)(1) constituted an aggravated felony).

Although it was not briefed, the issue of whether Martinez–Jaracuaro is eligible for relief under § 212(c) of the Immigration and Nationality Act was raised during oral arguments. The parties were directed to provide supplemental letter briefs. After consideration of their respective letter briefs, the court concludes that Martinez–Jaracuaro is ineligible for § 212(c) relief. *See* 8 C.F.R. § 1003.44(c) & (k)(1).

PETITION DISMISSED.